Griffith v. Marsh.

FRANK GRIFFITH, *Appellant*, v. FRANK MARSH, *Appellee.*

No. 17,118.

SYLLABUS BY THE COURT.

EVIDENCE—*Parol Evidence Admissible to Vary Memoranda on Bank Check.* The general rule that parol evidence can not be received to vary the terms of a written contract does not apply to a bank check, given in payment for property, containing a recital of the consideration for which it was given, unless the parties understood and intended that the check should contain the final contract between them for the sale of the property.

Appeal from Butler district court. Opinion filed November 11, 1911. Affirmed.

*N. A. Yeager*, for the appellant.

*H. W. Schumacher, George J. Benson,* and *T. A. Kramer*, for the appellee.

The opinion of the court was delivered by

BENSON, J.: This is an action to recover an alleged overpayment made through a mistake in computation. The judgment was for the defendant, and the plaintiff appeals.

The undisputed facts are that the appellee sold to the appellant eighty head of cattle, and received pay-

ment therefor at the rate of $87 per head in two checks, one for $500, given when the agreement was made, and one for $6460, given on the following day when the cattle were delivered. This dispute is over the price, the appellant contending that the price agreed upon was $78 per head, while the appellee insists that it was $87 per head. The 500-dollar check, which had been duly paid by the bank on which it was drawn, was produced in evidence, and found to contain this memorandum following the amount: "Payment 80 cattle $78 per head." In his answer the appellee admitted that the words "Payment 80 cattle" were in the check, but denied that the words and figures "$78 per head" were in the check, and alleged that if they were there they were inserted without his knowledge or consent and without his attention being called thereto.

The appellee, his brother, and an employee, who were present at the sale, testified that the price agreed upon for the cattle was $87 per head, and this was corroborated by testimony of another witness that the appellant had so stated to him. On the other hand, the appellant and a broker who assisted in making the sale testified that the price agreed upon was $78 per head. On the day following the sale the cattle were delivered, and the appellant, to find the balance to be paid, computed the price at $87 per head and the amount due to be $6460. This computation was shown to the appellee's brother, and agreed to, and thereupon a check was given for that amount. To provide funds to pay this check the appellant proceeded to the bank and drew upon his commission firm for the same amount, which was then placed to his credit, with which the check was paid.

Evidence was offered tending to show that the check for $500 contained the memorandum in full when it was indorsed by the appellee and paid to him. On the other hand, the appellee testified that the words and figures "$78 per head" were not in the check when he

received it.  It is not claimed that his attention was called to the recital, but it is insisted that he was chargeable with notice of what the check contained. The argument is that by indorsing his name and drawing the money, the check became a contract in writing for the sale of the cattle and that its terms could not be varied by parol evidence.

When the cattle were shown and the price agreed upon, a written contract was not proposed or contemplated, but the agreement was in parol and complete.  The check was given and accepted, not as a contract of sale, but in payment.  The rule that a written contract can not be affected by parol evidence rests upon the fact that the parties have deliberately made the writing a final memorial of the transaction— that they have entered into the contract for that purpose.  (4 Wig. Ev. §§ 2425, 2429.)  In the absence of evidence to show that the intention was otherwise it should be presumed that the check was used as such instruments usually are, and that the memorandum contained in it was inserted as an aid to the memory of the drawer in keeping or reviewing his accounts, or that it might, when indorsed and paid, serve as a receipt for the payment.  So considered it is clear that it was not within the rule excluding parol evidence.  (1 Ell. Ev. § 617; *Clark v. Marbourg,* 33 Kan. 471, 6 Pac. 548.)  If the appellee had presented an account or bill of parcels for the cattle specifying the price, and receipted it in full over his signature, it would have been open to explanation.  (*Irwin v. Thompson,* 27 Kan. 643.)  Conceding that the check contained the full recital claimed by the appellant, its indorsement by the appellee could have no greater effect than the receipt in the case last cited.

"If the writing is merely an informal memorandum, and is not regarded by either party as evidencing the ultimate intent, then the sale rests in parol, and its terms, condition and character may be proved by either oral or written evidence."  (12 L. R. A. 695, note.)

A further contention of the appellant is that the answer is insufficient because it is inconsistent. No request for an election nor objection by motion or otherwise was made to the pleading and the objection now made is without merit. (Kinkead's Code Pleading, § 78; Bliss, Code Pleading, § 344; *De Lissa v. Coal Co.,* 59 Kan. 319, 52 Pac. 886.)

An instruction is also criticized, but within the principles already stated the complaint of the appellant is groundless.

The evidence is ample to sustain the verdict and the judgment is affirmed.