THE UNDERWOOD TYPEWRITER COMPANY, *Appellee*, v.
H. A. ANDRESON, *Appellant*.

No. 17,142.

HEADNOTE BY THE REPORTER.

APPEAL—*Transcript—Review*.   Only such portions of the evidence and the proceedings of the trial court as are contained in the transcript filed will be reviewed on appeal.

Appeal from Dickinson district court.   Opinion filed November 11, 1911.   Affirmed.

*E. C. Little*, and *C. S. Crawford*, for the appellant.
*Hurd & Hurd*, for the appellee.

*Per Curiam:* The appellant complains of a judgment rendered against him on May 27, 1909, for $599.25, and assigns as error the insufficiency of the testimony and certain rulings upon the evidence.   Steps were taken towards making a case for the supreme court but none was ever settled or signed.   Appellant, however, was entitled to take an appeal under the new code.   (Civ. Code, §§ 569, 574.)   Such an appeal was taken which brought up the pleadings, judgment and such proceedings as became a part of the record.   The testimony was not preserved and made a part of the record and appellee insists that no consideration can be given the purported testimony printed in appellant's abstract. It devolves on the party taking the appeal to procure from the official stenographer a certified transcript of his notes of the evidence and proceedings, or as much as is material to his appeal, and to have the same made a part of the record.   The opposing party then has an opportunity to test the correctness of the transcript, as it is subject to amendment and correction by the trial court or judge.   (Civ. Code, § 574.)   If the evidence and proceedings are not so preserved the appellee has no way of testing the correctness of that which is

abstracted by appellant, and in case of a challenge of the abstract of evidence in this court it would have no means of determining whether that which was abstracted was the evidence in the case or that there was not other evidence material to the point upon which error was assigned.

The code prescribes how a record of evidence and proceedings may be preserved for use on appeal, and it is the duty of an appellant who asks a consideration of the evidence or proceedings to make them a part of the record before filing his abstract. (*Baker v. Readicker*, 84 Kan. 489, 115 Pac. 112.) Without a certified transcript or an agreement of parties as to what evidence was offered and received the court can not consider its sufficiency or other questions arising on it. The material questions in this case arise on the evidence and, therefore, are not available to appellant.

The pleadings are sufficient to sustain the judgment and it is affirmed.