JOSEPH READICKER, *Appellee,* v. H. DENNING *et al.,*
*Appellants.*

No. 17,283.

HEADNOTE BY THE REPORTER.

ABSTRACT—*Transcript of Record—Evidence.*   Where an ap-
pellant contends that there was no evidence to support the
judgment rendered, whether the contention relates to the
general issue or to some specific matter, he must, in order to
obtain a hearing upon that question, procure and cause to be
filed an official transcript of all the evidence introduced, ex-
cept as the necessity therefor is avoided by agreement of
counsel, or by a recital in the transcript that it contains all
the evidence on a particular matter.

Appeal from Allen district court.   Opinion filed De-
cember 9, 1911.   Motion to dismiss denied and cause
continued.

*R. H. Bennett,* and *R. E. Cullison,* for the appellants.

*Per Curiam:* A principal contention of the appellants is that there was no evidence to support the judgment rendered. The appellee has prepared neither a brief nor an abstract, but has filed a motion to dismiss the appeal upon the ground that the appellants have not caused a transcript of all the evidence to be made by the official stenographer and filed with the clerk of the trial court. Only a portion of the evidence was so transcribed and filed.

In order to give effect to the right of the appellee to challenge the correctness of an abstract, so far as it relates to the evidence introduced, a record must be available to which this court can refer to determine the facts. Such a record under the present code is made by filing the stenographer's transcript. (Civ. Code, § 574.) The burden of doing this is upon the appellant. (*Baker v. Readicker,* 84 Kan. 489, 115 Pac. 112; *Typewriter Co. v. Andreson,* 85 Kan. 867, 118 Pac. 879.)

An appellant may in his abstract assert that no evidence was introduced tending to prove a particular proposition. It then becomes the duty of the appellee, if he disputes the assertion, to print in a counter abstract all the evidence which he contends to be of that character. But to obtain this evidence he is entitled to go to a record already in existence—he is not required to bring the matter upon the record himself. Therefore, whenever an appellant contends that there was no evidence to support the judgment rendered, whether the contention relates to the general issue, or to some specific matter, he must, in order to obtain a hearing upon that question, procure and cause to be filed an official transcript of all the evidence introduced, except as the necessity therefor may be avoided by agreement of counsel, or by a statement in the transcript that it contains all the evidence on a particular matter. A commendable practice exists, and appears to be growing, of shortening records by coöperation—

by agreements as to what portions are material; but where the right is insisted upon the appellee may require the appellant to provide a record sufficient in. itself to test the soundness of his contentions, even if this involves transcribing all the evidence introduced.

In the present case the appellee's objection has been so long delayed that fairness requires that the appellants should have an opportunity to obviate it. The cause will be continued to February. The appellants are allowed until January 1, 1912, to cause the transcript of the evidence to be completed, and to make any desired addition to their abstract. The appellee is allowed until January 20 to serve a counter abstract and brief.

The motion to dismiss is denied and the cause is continued.