No. 19,040.

JOHN T. GILES, *Appellant*, v. JOHN P. TERNES, *Appellee*..

SYLLABUS BY THE COURT.

1. AUTOMOBILE—*Collision with Buggy—Contributory Negligence of Motorist—Pleadings—Cross-petition—Instructions.* In an action to recover damages from the owner of a horse and buggy for alleged negligence in colliding with plaintiff's automobile on a highway the defendant filed a pleading called an answer and cross-petition, and in it alleged that the collision was due to the negligence of the plaintiff himself, and on that basis defendant asked a recovery of damages from plaintiff. *Held,* that contributory negligence of the plaintiff was an issue in the case, and that the court was warranted in instructing the jury to the effect that if the negligence of plaintiff contributed to the injury he could not recover from the defendant although the allegations of the plaintiff's negligence were contained in that part of defendant's pleading designated as a cross-petition.

2. SAME—*Lights on Automobile—Purpose of the Statute.* The requirement that "Every automobile or similar motor vehicle shall be so constructed as to exhibit during the period from one hour after sunset to one hour before sunrise one or more lamps showing white lights, visible within a reasonable distance in the direction towards which the automobile is proceeding" (Gen. Stat. 1909, § 449) is intended for the guidance and benefit of the persons driving or in charge of an automobile as well as of others who may be using the highway at the same time.

3. SAME—*Duty of Motorist in Regard to Lights.* It is the duty of the motorist to keep a vigilant watch ahead for other vehicles as well as for pedestrians upon the highway, and the lights are required to enable him to see persons and vehicles on the highway. in time to avoid them as well as for the protection of those occupying the automobile.

4. SAME—*Duty of Motorist on Meeting Another Vehicle.* A motorist is not necessarily negligent when he drives his automobile on the left side of a highway, as he is privileged to use any portion of the traveled part of a highway except when he is about to meet and pass another vehicle, and then under the law of the road he is required to turn to the right.

Giles v. Ternes.

5. ERROR—*Relating to Instructions—Not Properly Here for Review.* Without the evidence bearing on any question in the case it can not be determined on an appeal that an instruction given, even if erroneous as an abstract statement of the law, was prejudicial error.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed October 10, 1914. Affirmed.

*William Keith,* and *Dempster O. Potts,* both of Wichita, for the appellant.

*E. L. Foulke, C. A. Matson,* and *J. D. Wall,* all of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The appellant, John T. Giles, the owner of an automobile, brought this action against the appellee, John P. Ternes, to recover damages for injuries to his automobile resulting from a collision with appellee's horse and buggy. It appears that the appellant was driving westerly on a public highway near Wichita at a rate of from six to twelve miles an hour at about nine o'clock on the night of August 11, 1912, and that the appellee, with his wife, was driving easterly in his buggy on the same highway. The appellant alleged that the highway at the place where the collision occurred was about eighteen feet wide, that both parties were traveling in the beaten part of the highway, that signal lights were displayed on the automobile which were seen by appellee, that appellee negligently and carelessly failed to turn aside from the center of the roadway and failed to display any lights on his buggy as it was his duty to do, and that because of appellee's carelessness and negligence in these respects the collision of which he complained occurred. The appellee answered, and by way of cross-petition alleged that the collision was caused by the negligence and carelessness of the appellant in not providing his

automobile with sufficient lights or such lights as are required by law. The appellee further alleged that when the collision occurred he and his wife were thrown out of the buggy and permanently injured, that the horse appellee was driving was permanently injured and that the buggy was damaged to the extent of $25. The appellee therefore asked damages for his personal injuries in the sum of $500, for the loss of his wife's services in the sum of $2000, for medical attention for both of them to the amount of $500, and for injuries to the horse and buggy to the amount of $125, or a total damage of $3125. On the trial of the action the jury returned a verdict against appellant and fixed the amount of appellee's recovery at $585. In answer to special questions submitted by appellant, which only partially covered the case, the jury, in effect, found that the collision occurred on a dark night when the appellant was driving his automobile at a speed of from six to twelve miles an hour, that he only displayed white lights which were visible for a reasonable distance in the direction in which the automobile was proceeding, that he turned his automobile out of the beaten path to the left just before the collision, that he did not know of the approach of appellee's horse and buggy before the accident, and that appellee saw the lights on appellant's automobile before the collision occurred.

The appellant complains that the court erred in refusing to submit some special questions which he presented. In the first place it appears that more than ten of appellant's questions were submitted by the court, and that is the number to which a party is entitled as a matter of right. Whether a greater number will be allowed is within the discretion of the court. (Laws 1913, ch. 239.) The controlling reason, however, why the ruling can not be held erroneous is that the evidence in the case was not transcribed or preserved in any way and without it we can not determine

Giles v. Ternes.

that there was a basis for the questions refused. The refusal to submit special questions is not error if there is no testimony from which the jury might answer them. The absence of the evidence precludes. the determination of a number of questions argued by appellant. (*Typewriter Co. v. Andreson,* 85 Kan. 867, 118 Pac. 879; *Davidson v. Timmons,* 88 Kan. 553, 129 Pac. 133.)

Appellant complains of the submission of several special questions that were asked by the appellee. It appears that these were submitted for answer in the event that the verdict should be in favor of the appellant, but as it was in favor of the appellee no answers to these questions were returned. Error can not be predicated on the submission of questions that were not considered or answered by the jury.

An instruction of the court defining contributory negligence and stating that the plaintiff could not recover if he was guilty of contributory negligence is assigned as error. There is no complaint of the definition given, but it is contended that appellant's negligence was not an issue under the pleadings in the case. The appellee filed what is called an answer and cross-petition, which contained, first, a general denial, and then, under the heading of cross-petition, there followed appellee's statement of the circumstances under which the collision occurred, in which it was alleged that the accident and its consequences were the direct result of the negligence of appellant. It was charged that he was guilty of gross negligence in driving his automobile on a dark night without sufficient lights and at an unwarranted rate of speed, and that by reason of his negligence the collision occurred which resulted in injuries to appellee, his wife and his property, for all of which he asked damages. The appellant treats the first part of the pleading as an answer and the second as a cross-petition, and because the charge of negligence against the plaintiff is found in the second part and not in the

first he contends that appellant's negligence was not fairly presented. Such an artificial division of the pleading is not warranted. All the averments were contained in a single pleading and all related to a single occurrence, and by these the appellant was advised that his own negligence was involved in the issues.

An objection was made to the eleventh instruction, which is to the effect that the purpose of lights on an automobile is not only to enable a person approaching an automobile to see it, but also to enable the driver of an automobile to see a reasonable distance in the direction in which the automobile is proceeding, and that the lights must be sufficient for this purpose. The appellant insists that the challenged instruction fixes a different standard and exacts a higher degree of care of those operating an automobile at night than does the statute, which prescribes that there shall be exhibited on an automobile "one or more lamps showing white lights, visible within a reasonable distance in the direction towards which the automobile is proceeding." (Gen. Stat. 1909, § 449.) We think not. While nothing is said in the statutory provision as to the degree of strength or brightness of the lights, it does provide that they must be visible for a reasonable distance in the direction in which the automobile is going. This requirement was made for the safety of all those using the highway. The lights are not alone required to guide and benefit those approaching the automobile on the highway, but also for the direction and guidance of those in charge of the automobile. Appellant argues that the lights are only intended to warn those approaching the automobile, so that they may avoid colliding with it. It is the duty of the motorist to keep a vigilant watch ahead for other vehicles as well as for pedestrians upon the highway, and the lights are required to enable him to see persons and vehicles on the highway in time to avoid them as well as for the protection of those occupying the automobile. In *Lauson v. Fond du Lac*, 141 Wis. 57, 123 N. W. 629, the court

indicated the importance of lights as affecting the duty of the motorist by holding that if he ran an automobile over the highway on a dark night at such a speed that he could not stop his machine within the distance he could see objects ahead of him he was not exercising due care even to those in the automobile; also that the lights are required for the protection of other travelers on the highway as well as for those in the automobile; and further, that to run an automobile at night without adequate lights to enable the motorist to see objects ahead of him in time to avoid them is negligence independently of any statute on the subject. A like rule was applied to the operation of a street car by the supreme court of Connecticut, where it held that:

"When running at night, it must be provided with such means of illumination as may be requisite, in connection with the light, if any, to be expected from other sources, to enable the motorman to see far enough ahead to do whatever ordinary care may demand in order to avoid a rear-end collision with any other vehicle upon the railway track. . . . The speed at which any vehicle can be driven over a highway at night must be determined partly in view of the distance ahead at which travelers upon or approaching the same highway would become visible." (*Currie v. Consolidated Ry. Co.*, 81 Conn. 383, 386, 71 Atl. 356.)

There is complaint, too, of instruction No. 14, to the effect that if the appellee in approaching appellant on the night of the collision turned his horse and buggy to the right of the center or well-beaten track of the highway, and the appellant, instead of turning his automobile to the right of the center, turned it to the left, so that a part or all of the automobile was south of the center of the highway, and that by reason of running the automobile on that side of the highway the injury was inflicted, it would constitute negligence on the part of the appellant. The driver of a vehicle is not necessarily negligent when he drives to the left of the center of the highway, as he is at liberty to use any part of the highway except in the case of meeting another vehicle

10—93 KAN.

or person, and then, under the rule of the road, he is required to keep to the right. The fact, therefore, that he travels on the left side of the highway will not render him liable for injuries suffered by others unless the course taken by him contributes to the injuries. Under some circumstances the instruction as given might have been hurtful, but, in the absence of the evidence, it can not be held that the appellant was prejudicially affected by the giving of the instruction without further qualification. The appellee contends that the evidence in the case showed that appellant was driving his automobile at a speed of from six to twelve miles an hour on a dark night without sufficient lights upon a road leading into a populous city, which he was bound to know was being used by many others, and that he turned to the left of the traveled portion of the road in violation of the law of the road and ran into the horse and buggy of appellee who, in order to avoid the collision, had turned to the right side and almost into the ditch. If this was the evidence, and the finding of the jury is to this effect, it is clear that appellant was not prejudicially affected by the instruction as given. Without the evidence we are bound to presume that within the issues the evidence was such as to warrant the instruction given, and also that an instruction, even if incorrect, was not prejudicial; and further, that the general verdict imports a favorable finding by the jury upon every material allegation of the appellee and every issue in the case not inconsistent with the special findings which were returned. In the state of the record we can not say that the instruction has prejudicially affected the result. (*Insurance Co. v. Curry*, 44 Kan. 741, 25 Pac. 221; *Woodford v. Light Co.*, 77 Kan. 836, 92 Pac. 1133.)

Complaint is made that there is no evidence to warrant the giving of another instruction, but as there is no evidence preserved that question is not open for consideration.

Finding no material error, the judgment of the district court will be affirmed.