No. 19,493.

Wlodyslaus Roman, a Minor, etc., *Appellee,* v. The City of Leavenworth, *Appellant.*

SYLLABUS BY THE COURT.

·"Attractive Nuisance"—*City Dump—Injuries—Boy Eleven' Years Old.* The law of this case was fully stated in *Roman· v. City of Leavenworth,* 90 Kan. 379, 133 Pac. 551.

Appeal from Leavenworth district court; James H. Wendorff, judge. Opinion filed May 8, 1915. Affirmed.

*C. P. Rutherford,* city attorney, for the appellant.

*Arthur M. Jackson,* of Leavenworth, for the appellee.

The opinion of the court was delivered by

Dawson, J.: When this case was here before the facts and the law were thoroughly covered. (*Roman v. City of Leavenworth,* 90 Kan. 379, 133 Pac. 551.) This time the plaintiff won and the city appeals. The plaintiff moves to dismiss because the defendant did not provide a transcript of the evidence to which the appellee might refer in making a necessary counter-abstract. We do not think it proper to dismiss the appeal, but the failure to provide a transcript of the evidence will greatly restrict the scope of this review. The principal ground of appeal is founded on an alleged error of the district court in overruling the city's motion for judgment on the special findings of fact. These findings were:

"Q. What was the age of Wlodyslaus Roman at the date of the injury complained of? A. Past eleven (11) years.

"Q. 2. How far was it from the top of the bank to the place below where the fire was? A. Nine (9) feet.

"Q. 3. At the date of the injury, did said Wlody-slaus Roman possess such intelligence and foresight as boys of his age ordinarily possess? A. Yes.

"Q. 4. Did the plaintiff jump off the high bank into the fire? A. Yes.

"Q. 5. Would any person of ordinary prudence anticipate that any one would jump over the bank into the fire at the place where the plaintiff was injured? A. No.

"Q. 6. Did the plaintiff in any way contribute to his own injury? A. Yes.

"Q. 7. Was the plaintiff injured because of his own negligence? A. No.

"Q. 8. Did the plaintiff exercise such reasonable care and prudence as might be expected from one of his years, knowledge and experience, taking into consideration all of the circumstances and conditions in which he was placed immediately prior to and at the time of the injury? A. Yes.

"Q. 9. Do you find that the plaintiff is permanently injured? A. No.

"Q. 10. Was smoke coming from the bottom of the dump at the time the plaintiff jumped over after the watermelon? A. No."

It is urged that these findings are inconsistent; that findings 6 and 7 are irreconcilable. We do not think so. Of course the plaintiff contributed to his own injury. He went to the city dump and jumped off the bank in his pursuit of a watermelon. This contributed to his injury. But that is not saying that he was *contributarily negligent*. He did just what a youngster of eleven years might be expected to do. Question 5 is hardly fair. When the boy made the jump he did not know that there was fire or fire-holes smouldering in the dump. At least there is no showing that he had any knowledge or notice of the fire. A barefooted boy would hardly jump into a place where there was fire if he knew of the fire.

Error is also assigned on one of the instructions which reads:

"No. 12. You are further instructed that if you believe from the evidence that Mr. Haley, the dump-

master, allowed the boys who visited the dump at different times before the day on which the plaintiff was injured to assist him in his work on the dump that this amounted to an invitation on the part of said Haley for said boys to visit the dump."

We can not say that this instruction was erroneous. Since all the evidence is not here we can not even say whether it was material. Since this court has already said in its first opinion that this city dump was an attractive nuisance, it is hardly important whether the plaintiff was invited or permitted there by the dumpmaster or not.

It is also urged that the verdict, $1250, was excessive. Here again we are handicapped by the limitations of the abstract. All we can glean from it is that Jimmie (the plaintiff) was barefooted; that he struck the fire; that he was burned; that he was not permanently injured. The petition says the plaintiff was in the firepit fifteen or twenty minutes before he was rescued. We can not say from this scant showing that the verdict is excessive, and the judgment must be affirmed.