No. 19,937.

THE CAPITAL CITY VITRIFIED BRICK & PAVING COMPANY, *Appellant*, v. THE CONCORDIA LUMBER COMPANY, *Appellee*.

### SYLLABUS BY THE COURT.

APPEAL—*Record—Transcript of Evidence—Duty to Furnish—Review.* To obtain a review of rulings upon the admission of evidence, or of questions which depend upon the evidence, a transcript of the stenographer's notes of the testimony and the proceedings at the trial should be procured and filed in the way prescribed in section 574 of the civil code; and where a complete transcript has not been made and filed, and there is no agreement of counsel that the record presented contains all the evidence on any particular issue or matter, no

questions arising on the evidence can be considered, and as the only questions assigned for error in this appeal require the consideration of the evidence which has not been transcribed, the appeal must be dismissed.

Appeal from Cloud district court; JOHN C. HOGIN, judge. Opinion filed February 12, 1916. Dismissed.

*Edwin L. O'Neil,* of Topeka, *Homer E. Kennett,* and *Olin W. Hunter,* both of Concordia, for the appellant.

*Park B. Pulsifer,* and *Charles L. Hunt,* both of Concordia, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The Capital City Vitrified Brick & Paving Company brought this action against The Concordia Lumber Company to recover the sum of $362.50, the contract price for a shipment of 40,000 building and 1500 pressed brick ordered by the defendant company and shipped, according to directions, to Hollis, Kan., where they were intended to be used. The defendant refused to accept and use the brick, upon the ground that those furnished as building brick were unfit for use and not the kind of brick that it had purchased, and the 1500 pressed brick were so mixed with the other brick that it was impracticable to separate and use them. A counterclaim of twenty dollars was presented in the answer by defendant to pay the loss resulting from plaintiff's breach of contract. The trial resulted in a judgment for defendant, and upon this appeal the plaintiff insists that error was committed in admitting testimony, in refusing to submit certain interrogatories that were requested, and in the giving and refusing of instructions.

To review these rulings a consideration of the evidence and the proceedings of the trial court is essential. It appears that only a part of the oral evidence has been transcribed, and the defendant insists that he is unable to test plaintiff's abstract by the transcript or make a counter-abstract that will correctly present the errors assigned. It is conceded that the transcript is not complete, and the defendant asserts that vital and considerable parts of the evidence and proceedings have been omitted. It does not appear that there was any obstacle

in the way of the plaintiff's obtaining a complete transcript. Whether the rulings in admitting testimony, in the submission of special questions, or in instructing the jury, were material can only be determined from an examination of the evidence. The record does not contain a stipulation that all matters material for the disposition of the errors assigned are included in the record, nor is there any agreement of counsel that the evidence is complete on any particular issue.

In *Typewriter Co. v. Andreson,* 85 Kan. 867, 118 Pac. 879, it was said:

"The code prescribes how a record of evidence and proceedings may be preserved for use on appeal, and it is the duty of an appellant who asks a consideration of the evidence or proceedings to make them a part of the record before filing his abstract. (*Baker v. Readicker,* 84 Kan. 489, 115 Pac. 112.) Without a certified transcript or an agreement of parties as to what evidence was offered and received the court can not consider its sufficiency or other questions arising on it." (p. 868.)

In *Readicker v. Denning,* 86 Kan. 79, 119 Pac. 533, it was held that a record of the evidence is made by filing the stenographer's transcript and the burden of doing this devolves upon the appellant, and that to obtain a review of questions depending upon the evidence, the appellant must "procure and cause to be filed an official transcript of all the evidence introduced, except as the necessity therefor may be avoided by agreement of counsel, or by a statement in the transcript that it contains all the evidence on a particular matter." (p. 80.) The same rule was applied in *Davidson v. Timmons,* 88 Kan. 553, 129 Pac. 133, where it was said:

"In the absence of a transcript this court can not settle conflicting claims as to the proceedings in the trial court nor determine whether rulings referred to in the findings of that court on such proceedings may not have been controlled by evidence, admissions or waivers not preserved in the record." (p. 557.)

In the recent case of *McGuire v. Davis,* 95 Kan. 486, 148 Pac. 755, the question was again considered and it was said:

"The appellant was privileged to omit from her abstract any evidence regarded by her as not pertinent to the questions presented. But it was incumbent upon her to have all the oral testimony preserved in a transcript, in order to provide an authentic source to which the appellee might go for whatever additional evidence he wished to bring before the court in a counter-abstract." (p. 491.)

It may be said that if it were agreed that the testimony in the record included all that is pertinent to any question presented in the appeal, the decision must have been that the finding of the jury determined that the brick furnished were not of the particular kind that were purchased. If those furnished were not the kind contracted for, defendant was not obliged to accept them even if they were of greater value than those purchased.

It appears that none of the other objections is material, but the state of the record is such that we are not warranted in entering upon their consideration. Nothing being open to review here, the appeal is dismissed.