No. 21,857.

GUY A. SPENCER, *Appellee*, v. HENRY MCCLENNEY, *Appellant*.

SYLLABUS BY THE COURT.

1. VACATION OF JUDGMENT — *Statutory Grounds Therefor — Loss of Stenographer's Notes.* Statutory provisions authorizing the setting aside of a judgment for mistake, neglect or omission of the clerk, or irregularity in obtaining it, or for unavoidable casualty or misfortune preventing the party from prosecuting or defending, refer wholly to the proceedings leading up to the judgment, and have no application to matters taking place after its rendition, such as the loss of the reporter's notes of the evidence.

2. SAME—*Statement of Evidence Approved by Trial Judge.* Where the stenographer's notes of the evidence have been lost, a statement approved by the trial judge may be used on appeal in lieu of a transcript thereof, although the statute makes express provision for such substitute only in case of the stenographer's death or disability.

Appeal from Sheridan district court; CHARLES I. SPARKS, judge. Opinion filed January 11, 1919. Affirmed.

*C. L. Thompson,* of Hoxie, for the appellant.

*G. A. Spencer, A. R. Buzick, jr.,* both of Salina, and *W. H. Clark,* of Hoxie, for the appellee.

The opinion of the court was delivered by

MASON, J.: Guy A. Spencer brought an action against Henry McClenney on two promissory notes. McClenney defended on the ground that the notes had been given in pursuance of an agreement, which had not been performed, to render professional services. Upon a trial the court directed a verdict for the plaintiff, upon which judgment was rendered June 2, 1915. The defendant appealed to this court, and on April 26, 1917, filed a motion to remand the cause for a new trial on the ground that he could not present his appeal because the reporter's notes of the proceedings in the district court had been lost. The motion was denied, and the appeal was dismissed because of the failure of the appellant to prepare and file an abstract. The defendant then filed in the district court a petition for a new trial on account of the loss of

the reporter's notes. A demurrer to this petition was sustained, and the defendant again appeals.

1. The defendant contends that his present action is authorized by the statute which provides for the setting aside of a judgment:

"*Third*, for mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order."

. . . . . . . . . . . .

"*Seventh*, for unavoidable casualty or misfortune preventing the party from prosecuting or defending." (Gen. Stat. 1915, § 7500.)

It is obvious that these provisions refer wholly to the proceedings leading up to the judgment sought to be vacated, and have no application to matters taking place after its rendition. This consideration is fatal to the defendant's contention and requires an affirmance.

2. Where the hearing of an appeal on its merits is prevented by the loss of a part of the record, there seems to be a practice in one jurisdiction of remanding for a new trial, provided the appellant is not to blame (*Dauchite Lumber Co. v. Lane & Bodley Co. et al.,* 52 La. Ann. 1937), and in another only where the loss of the record is due to the fault of the appellee. (*Germaine v. Harwell,* 104 Miss. 679.) No occasion has arisen to decide what would be the result in this state if by reason of the loss of a part of a record it should be impossible to consider an appeal on its merits. The loss of the stenographer's notes does not necessarily create such a situation. The statute provides that in case of the death or disability of the stenographer before transcribing his notes, the trial judge may approve and sign a statement to take the place of a transcript. (Gen. Stat. 1915, § 7486.) While the provision does not expressly cover the loss or destruction of the notes, the practice in such cases has been to make use of the best substitute that can be obtained, with the authentication of the trial judge. Inasmuch as a transcript made by the stenographer is subject to amendment and correction by the judge (Gen. Stat. 1915, § 7478), it is the judicial approval that gives it its final authority, and in case of need a statement approved by the judge would serve as a sufficient substitute, in the absence of a specific statute covering the matter. Here there was no showing that the trial judge could not have authenticated a

statement that would have enabled this court to pass upon all the disputed questions of law, and determine whether the judgment was erroneous. The appellant's brief recites that the judge said that owing to the lapse of time he did not know whether such a statement could be made, but we do not regard this as a sufficient excuse for the defendant's failure to ask that it be attempted.

The judgment is affirmed.