No. 21,875.

SAM C. CALDWELL and EDITH CALDWELL, *Appellants*, v. C. D. SKINNER and J. H. GAYHART, Partners as the MERCHANTS TRANSFER AND STORAGE COMPANY, *Appellees.*

SYLLABUS BY THE COURT.

1. APPEAL—*Transcript—Matters Reviewable.* In the absence of a transcript or record of the evidence prepared as the code provides, questions arising on the evidence and proceedings are not open to review on appeal.

2. SAME. Without evidence bearing on any question in the case upon which an instruction is founded, it cannot be determined that prejudicial error was committed in giving the instruction, although it might, under a certain state of facts, or as an abstract proposition, be incorrect.

3. TRIAL—*Opening Statements to Jury—Judicial Discretion.* The denial of a request by plaintiffs for permission to make an additional statement of their case to the jury after an amendment of the answer had been made with the permission of the court, cannot be deemed to be prejudicial error in the absence of a showing as to the nature and extent of the statement already made.

4. SAME. The fullness or brevity of such an opening statement is largely within the discretion and control of the trial court.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed June 7, 1919. Affirmed.

*J. M. Stark,* of Topeka, for the appellant.

*D. R. Hite,* of Topeka, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: Property of plaintiffs placed in the custody of defendants as warehousemen was destroyed by fire. On a former appeal a question which arose on the pleadings was determined. (*Caldwell v. Skinner,* 100 Kan. 567, 164 Pac. 1166.) Subsequently a trial was had. After a jury had been impaneled, counsel for plaintiffs made a statement of their case to the jury. Counsel for the defendants then stated their defense, during which he was interrupted by an objection, and over the objection of the plaintiffs, he was allowed to amend his answer so as to state:

"That in the storage of said goods and in the care thereof the defendants exercised the care that a reasonable man would take of his own property, and that said fire was without fault on the part of these defendants."

Later, counsel for plaintiffs asked permission to make an additional statement of his case to the jury, and this was denied. The issue joined between the parties was whether the loss of the goods was caused by the failure of the defendants to exercise such care of the goods stored with them as a reasonably careful owner of the goods would exercise, and upon the evidence submitted, a verdict for defendants was given, and it was specially found that there was no such neglect by the defendants, and that no act or neglect of theirs had contributed directly to the loss. A number of other findings were made as to the situation of the warehouse, and the conditions under which the goods were accepted for storage; and one of these was that the defendants were not to be liable for loss occasioned by fire.

On this appeal plaintiffs complain of rulings upon evidence, including the refusal of the court to peremptorily instruct the jury that under the law and the evidence they must find for plaintiffs, although a transcript of the evidence was not made. The reason given for the absence of the transcript is that the official stenographer had died before transcribing his notes. To meet such an exigency, it is provided in the code that the court or judge before whom the case was tried may, by order, provide for the making of a statement of the evidence and proceedings in the case which, when approved and signed by the

judge, shall become a part of the record in the case. (Civ. Code, § 582, Gen. Stat. 1915, § 7486.) This was not done. In the absence of such a transcript, record, or agreement of parties, questions arising on the evidence and proceedings are not open for consideration on appeal. (*Typewriter Co. v. Andreson,* 85 Kan. 867, 118 Pac. 879; *Readicker v. Denning,* 86 Kan. 79, 119 Pac. 533; *Davidson v. Timmons,* 88 Kan. 553, 129 Pac. 133; *Spencer v. McClenney,* 104 Kan. 107, 178 Pac. 253.)

An attack is made on the instructions of the court, but because of the incomplete condition of the record it cannot be held that prejudicial error was committed in that respect. It has been decided that:

"Without the evidence bearing on any question in the case it can not be determined on an appeal that an instruction given, even if erroneous, as an abstract statement of the law, was prejudicial error." (*Giles v. Ternes,* 93 Kan. 140, Syl. ¶ 5, 143 Pac. 491.)

Looking at the instructions as presented in the record, they do not appear to be out of line with the law.

There is a contention that there was error in the ruling denying plaintiffs' request for permission to make an additional statement of their case to the jury at the opening of the trial. After plaintiffs' statement had been made, the court permitted an amendment of the defendants' answer in one particular, and under some circumstances the allowance of an amendment might justify the making of an additional statement. However, the statement already made may have fully covered the matter included in the amendment, and the fulness or brevity of an opening statement is largely within the discretion and control of the trial court. The record does not disclose the nature or the extent of the statements made to the jury by either of the parties, and in the absence of a showing it cannot be held that the denial of an extension of the opening statement operated to the injury of the plaintiffs. Only prejudicial error is ground for reversal, and prejudice has not been shown.

There is nothing substantial in the objections made to the rulings on the evidence, nor in the denial of the motion for a new trial.

Judgment affirmed.