No. 22,937.

E. D. BALMER, *Appellant,* v. E. R. LONG and N. E. OSBORN, Partners, etc., *Appellees.*

### SYLLABUS BY THE COURT.

APPEAL — *No Transcript of Evidence Prepared — Findings Show No Cause of Action in Favor of Plaintiff.* No transcript of the evidence has been prepared. No evidence has been abstracted. Special findings of fact returned by the jury negatived existence of a cause of action in favor of the plaintiff. *Held,* the plaintiff's assignments of error relating to instructions given and refused are not open to consideration, and are not important if they were.

Appeal from Rooks district court; CHARLES I. SPARKS, judge. Opinion filed May 7, 1921. Affirmed.

*W. B. Ham,* of Stockton, for the appellant.

*O. O. Osborn,* of Stockton, *W. L. Sayers,* and *J. S. Parker,* both of Hill City, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for false representations which induced the plaintiff to purchase from the defendants book accounts arising from conduct of a mercantile business, the stock and fixtures of which plaintiff also purchased. The plaintiff was defeated, and appeals.

The assignments of error relate to instructions given and refused. No transcript of the evidence has been prepared, no evidence has been abstracted, and this court has no means of determining the importance of any assignment of error. Besides that, the jury returned special findings which negatived existence of the facts which were necessary to recovery by the plaintiff. None of the instructions complained of could have influenced the jury in making its findings, unless it be the instruction relating to burden of proof. If the evidence were here, the court might be able to say the burden of proof was not of much consequence.

The plaintiff asserts the instructions eliminated the subject of implied warranty. Implied warranty was not pleaded, and no instructions appropriate to that subject were requested.

The plaintiff pleaded false representations. Treating the representations as amounting to a warranty, the warranty was express, and the jury found none was given.

The judgment of the district court is affirmed.