No. 23,471.

A. B. EVERETT, *Appellant,* v. A. J. EVERETT, as Administrator of the
Estate of E. J. EVERETT, Deceased, *Appellee.*

SYLLABUS BY THE COURT.

APPEAL—*Review of Evidence Asked—No Official Transcript of Evidence Filed
—Appeal Dismissed.* To obtain a review of questions depending on the
evidence it devolves upon the appellant to procure an official transcript of
all evidence affecting the determination of such questions, and where he
fails to procure such transcript his appeal will be dismissed.

Appeal from Greeley district court; ALBERT S. FOULKS, judge. Opinion filed
February 11, 1922. Dismissed.

*W. M. Glenn,* of Tribune, for the appellant.
*George L. Reid,* of Tribune, and *H. A. Russell,* of Scott City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:   This action was based on a claim made by
the plaintiff, A. B. Everett, against the estate of E. J. Everett, de-
ceased.   It was presented to the probate court and there refused,
and upon appeal the district court determined that plaintiff should
take nothing by his appeal.   He brings the case here for review,
alleging error in the admission of evidence and also that on the
evidence presented judgment should have been rendered for him.

Plaintiff sets out in his abstract what purports to have been the
evidence introduced at the trial of the case.   The correctness of
the evidence as stated in his abstract is challenged by the defend-
ant.   A certified transcript of the evidence has never been made or
filed.   The plaintiff is not entitled to a review of rulings on evi-
dence unless a certified transcript has been made and filed.   In
the absence of a transcript the appellee is unable to test the cor-
rectness of plaintiff's abstract or to make a counter-abstract, and
when the abstract is challenged this court has no means of settling
the challenge or of determining what evidence was actually re-
ceived and considered by the trial court.

In earlier decisions it has been held that to obtain a review of
questions depending on the evidence, it devolves upon the appellant
to procure an official transcript of all the evidence introduced un-
less the necessity has been avoided by an agreement of counsel or a
statement that it contains all the evidence relating to a particular
matter on review.   (*Baker v. Readicker,* 84 Kan. 489, 115 Pac. 112;

*Typewriter Co. v. Andreson,* 85 Kan. 867, 118 Pac. 879; *Readicker v. Denning,* 86 Kan. 79, 119 Pac. 533; *Davidson v. Timmons,* 88 Kan. 553, 129 Pac. 133; *McGuire v. Davis,* 95 Kan. 486, 148 Pac. 755; *Paving Co. v. Lumber Co.,* 97 Kan. 294, 155 Pac. 38; *Caldwell v. Skinner,* 105 Kan. 32, 181 Pac. 568.)

On motion for a new trial filed by appellant, he produced affidavits which he insists set forth proposed testimony that is new and not cumulative, but whether it was new or of a cumulative character depends upon the evidence actually offered, and in the absence of a record of the evidence these questions cannot be determined.

The appeal is dismissed.