No. 29,839.

J. P. DARST, *Appellee*, v. WILLIAM SWAZEE et al., *Defendants*
(WILLIAM SWAZEE and H. E. COCHRAN, *Appellants*).

(11 P. 2d 977.)

Opinion filed June 4, 1932.

*J. Graham Campbell, W. M. Glenn* and *Clifford E. Branch,* all of Wichita, for the appellants.

*George McGill, H. C. Castor, Victor J. Rogers* and *J. Harold Jorgensen,* all of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by plaintiff to recover damages from defendants alleged to have resulted from a collision between plaintiff's automobile and defendants' truck occasioned by defendants' negligence. The jury found in favor of plaintiff, fixing the amount of his recovery at $1,700. Defendants appeal, and their only complaint is that the facts found by the jury in answers to special questions and in the verdict are not supported by the evidence, and they also urge some objections to the instructions given or refused by the court.

Plaintiff challenges the right of defendants to a review of the record presented because the evidence on which the alleged errors depend has not been preserved as the law requires, in that no official transcript of the evidence has been obtained and presented and that in its absence there is nothing the court can consider. Parts of the evidence were printed in the abstract, but it is conceded that much of the evidence is not preserved. Defendants say that the absence

of an official transcript does not necessarily defeat an appeal and that they have presented evidence which they deem to be controlling, and further that the evidence omitted would not support plaintiff's theory of the case or justify the jury in the findings and verdict returned. It may be granted that a transcript of the evidence is not essential where the error relied on is that the petition does not state a cause of action, or does not warrant the judgment rendered, or that the special findings are contrary to the verdict, or that the agreed facts do not justify the judgment rendered. The evidence is not required, of course, where the parties agree that certain evidence stated is all that related to a challenged finding, and still other questions not dependent on the evidence may be reviewed without bringing up a full transcript of the evidence; but where the errors assigned depend upon the evidence, the appellant must obtain an official transcript of the evidence or an agreement of the adversary that the case may be submitted and considered on the evidence stated, which the parties concede is all the evidence touching the question in controversy.

As the errors assigned by the defendants involve an examination of the evidence upon which the findings are based, and there being no transcript or agreement that the case may be reviewed on a part of the evidence, the challenge of the plaintiff must be sustained. In *Typewriter Co. v. Andreson*, 85 Kan. 867, 118 Pac. 879, it was held that—

"It devolves on the party taking the appeal to procure from the official stenographer a certified transcript of his notes of the evidence and proceedings, or as much as is material to his appeal, and to have the same made a part of the record. The opposing party then has an opportunity to test the correctness of the transcript, as it is subject to amendment and correction by the trial court or judge. (Civ. Code § 574.) If the evidence and proceedings are not so preserved the appellee has no way of testing the correctness of that which is abstracted by appellant, and in case of a challenge of the abstract of evidence in this court it would have no means of determining whether that which was abstracted was the evidence in the case or that there was not other evidence material to the point upon which error was assigned. . . . Without a certified transcript or an agreement of parties as to what evidence was offered and received the court cannot consider its sufficiency or other questions arising on it. The material questions in this case arise on the evidence and, therefore, are not available to appellant." (pp. 867, 868.)

In *Everett v. Everett*, 110 Kan. 442, 204 Pac. 723, it was held that—

"To obtain a review of questions depending on the evidence it devolves

upon the appellant to procure an official transcript of all evidence affecting the determination of such questions, and where he fails to procure such transcript his appeal will be dismissed." (Syl.)

See, also, *Readicker v. Denning*, 86 Kan. 79, 119 Pac. 533; *Davidson v. Timmons*, 88 Kan. 553, 129 Pac. 133; *Spencer v. McClenney*, 104 Kan. 107, 178 Pac. 253; *Caldwell v. Skinner*, 105 Kan. 32, 181 Pac. 568.

The objections of defendants to instructions given and reviewed are for like reasons unavailable here. Since the pertinent evidence is not before us we cannot determine whether an instruction, although abstractly correct, was applicable to the facts or whether the giving of an incorrect one was prejudicial error, as only that which is prejudicial is ground for reversal. (*Woodford v. Light Co.*, 77 Kan. 836, 92 Pac. 1133; *Roman v. City of Leavenworth*, 95 Kan. 513, 148 Pac. 746.) It may be added by way of parenthesis that the examination of the record, and the reading of the evidence which the defendant chose to bring up, does not in our view disclose material error in the judgment.

The appeal is dismissed.