No. 30,759.

MASSEY-HARRIS COMPANY, *Appellant*, v. LEON MALCOLM, *Appellee*.

(15 P. 2d 433.)

Opinion
filed November 5, 1932.

E. S. Crawford, of Abilene, for the appellant.
No appearance was made for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action brought in justice of the peace court, appealed and tried *de novo* before a jury in the district court, for a balance of $178.56 claimed to be due on a promissory note. In the district court defendant filed an answer admitting the execution of the note and alleging he was entitled to credits and off-sets to the extent that plaintiff was indebted to him in the sum of $317.50, for which he prayed judgment. After the opening statements, in which defendant itemized credits and off-sets which he claimed, and which aggregated more than $300, which is the limit of the jurisdiction of justice of the peace courts (R. S. 61-103), plaintiff moved for judgment on the ground that the court was without jurisdiction to entertain defendant's claims. Defendant then asked permission to amend the prayer of his answer so as to ask for but $300 against plaintiff. The court permitted this amendment over plaintiff's objection. The verdict of the jury was "For the defendant." The court overruled plaintiff's motion for a new trial, approved the verdict, and rendered judgment for defendant for costs.

Plaintiff has appealed and contends the court erred in overruling its motion for judgment and in permitting defendant to amend the prayer of his answer so as to claim an amount within the jurisdiction of the court. There is no error in this respect. It was within the discretion of the court to permit a new answer, conforming to the jurisdiction of the court, to be filed. In effect, that is what was done. No prejudice to plaintiff resulted, and no abuse of the court's discretion is shown.

Appellant next contends that the court erred in overruling the motion for a new trial. The record before us is insufficient to justify us in so holding. Appellant argues that no combination of figures of the credits and off-sets claimed by defendant, shown by the evidence, would make the accounts of these parties come out exactly even. How are we to know? Apparently the evidence was not transcribed by the court reporter. (See *Darst v. Swazee*, 135 Kan. 458, 11 P. 2d 977, and cases there cited.) Certainly it has not been

fully abstracted. The instructions of the court are set out in the abstract. Certain items claimed by defendant were taken from the jury by the court's instructions. Appellant contends that the question whether defendant had been credited on the note in suit with payments made on a collateral note, was so taken from the jury. We do not so read the court's instructions. As we read them, they left for the consideration of the jury claimed credits and off-sets in excess of the sum due plaintiff on the note in suit. The fact that the jury did not give defendant an affirmative judgment against plaintiff for that excess is not a matter of which appellant can complain.

The judgment of the trial court is affirmed.