No. 37,803

DORA LECLERCQ, *Appellant,* v. JOSEPH HEIMERMAN, JR., et al., *Appellees.*

(218 P. 2d 243)

Opinion filed May 6, 1950.

*A. Martin Millard,* of Wichita, was on the briefs for the appellant.

*Paul R. Wunsch* and *Chas. H. Stewart,* both of Kingman, were on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, C. J.: Plaintiff brought this action for damages to her automobile and for personal injuries alleged to have been sustained

and medical expenses incurred in a collision of her automobile with that of defendants alleged to have resulted from the negligence of defendants. Defendants were Elmer Greiving, the owner of the automobile, and Joseph Heimerman, Jr., alleged to have been driving the car as the agent of Greiving. The negligence and the extent of the injuries were alleged in detail. Heimerman answered denying the negligence charged against him and alleging in detail negligence of plaintiff which caused or contributed to the collision. Greiving filed a similar answer and also filed a cross petition to recover damages to his automobile alleged to have resulted from plaintiff's negligence. These respective claims were put in issue by the pleadings. A trial by jury resulted in a verdict against the plaintiff upon her petition and against the defendant Greiving upon his cross petition. Plaintiff filed a motion for a new trial, which was considered by the court and overruled, and she has appealed.

The only question presented by appellant is a contention that the court erred in one of its instructions. We first take note of the fact that the record discloses no objection made to the instruction complained of in this court. The real difficulty of appellant is that the record brought to us is insufficient for us to determine whether the instruction was erroneous, or for us to determine whether the alleged error in the instruction was detrimental to the plaintiff. None of the evidence is before us. The record consists solely of the pleadings, the instructions and the journal entry. This is insufficient.

In *Darst v. Swazee*, 135 Kan. 458, 11 P. 2d 977, it was held:

"Without the evidence this court cannot determine that an instruction, although it may have been incorrect in some particular, was prejudicial error, as only prejudicial error is ground for reversal." Citing, p. 460, *Woodford v. Light Co.*, 77 Kan. 836, 92 Pac. 1133, and *Roman v. City of Leavenworth*, 95 Kan. 513, 148 Pac. 746.

In *Union Public Service Co. v. Public Service Comm.*, 135 Kan. 123, 9 P. 2d 976, it was held:

"Error which does not prejudice or affect the substantial rights of the complaining party is not a ground of reversal."

In *Balmer v. Long*, 109 Kan. 42, 197 Pac. 1089, the pertinent part of the syllabus reads:

"No transcript of the evidence has been prepared. No evidence has been abstracted. . . . *Held*, the plaintiff's assignments of error relating to instructions given and refused are not open to consideration, . . ."

In this case no transcript of the evidence has been prepared and

no evidence has been abstracted. The jury returned no special findings.

The result is there is nothing before us in the record which would enable the court to pass upon the question argued by appellant. The appeal, therefore, is dismissed.