No. 43,551

ARLEN D. FRANK, *Appellant,* v. RICHARD LEE KNUCKEY, *Appellee.*

(391 P. 2d 92)

Opinion filed April 11, 1964.

*D. S. Hults,* of Lawrence, argued the cause, and *Jack C. Maxwell,* of Lawrence, was with him on the briefs for the appellant.

*Milton P. Allen,* of Lawrence, argued the cause, and *Gerald L. Cooley,* of Lawrence, was with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: Plaintiff (appellant) Arlen D. Frank brought this action for damages for personal injuries alleged to have been sustained as the result of negligent acts of Richard Lee Knuckey, defendant (appellee), while driving an automobile.

In his petition plaintiff alleged that at the time he was struck by defendant's automobile he was engaged as a workman on the repair of the street and crossing the street in furtherance of his work. Warning signs had been posted to advise oncoming travelers. Defendant answered denying plaintiff's allegations and further alleged in detail the negligence of the plaintiff which caused or contributed to his accident.

The case was tried to a jury which, in answer to special questions submitted to it by the court, found both plaintiff and defendant guilty of negligence and returned its general verdict in favor of the defendant.

From an order overruling plaintiff's motion for a new trial, he appeals.

The sole question presented by plaintiff is that the court erred in refusing one of his requested instructions and in giving instruction No. 13 to the jury. The pertinent portion of plaintiff's requested instruction provided:

". . . that if you find from the evidence that at the time and place of the occurrences in question plaintiff was a workman engaged in working upon said highway, then I instruct you no duty was imposed upon him to be constantly on the lookout for motor vehicles; on the contrary, it is the duty of drivers of motor vehicles to observe workmen upon the highways, and to avoid contact with them. It is not negligence as a matter of law for a workman to keep his mind on his work or to fail to look and listen for approaching vehicles. . . ."

It is the contention of plaintiff that the trial court erred in not making a distinction in the degree of care and duty owed by a workman while engaged in his work on a street construction project while crossing the street or highway and the duty owed by an ordinary pedestrian normally crossing the street, and in instructing the jury (instruction No. 13) that when a workman on a street or highway is merely in the act of crossing the street he may be considered as having the status of a pedestrian with respect to the rights given and duties imposed by traffic rules and regulations.

The court, in refusing plaintiff's requested instruction and in giv-

ing instruction No. 13 over the objection of the plaintiff, stated, "If the evidence warranted, I think the request would be warranted, but I don't think the evidence in this case would warrant the instruction, and this request is refused."

Apparently the trial court refused plaintiff's requested instruction on the ground the evidence did not warrant a finding that plaintiff was a workman engaged in his duties as such at the time he was crossing the street, and the record presented to us on appeal fails to disclose any evidence that the plaintiff was at the time of crossing the street engaged as a workman in furtherance of his duties.

Plaintiff's real difficulty is that the record brought to us is insufficient for us to determine whether the instruction was erroneous as a matter of law, or, absent the evidence, whether the alleged error in the instruction was detrimental to the plaintiff; nor is this court, from the record, in a position to determine that the instruction, although it may have been incorrect in some particular, was prejudicial error, as only prejudicial error is ground for a reversal. This case is controlled by the rules of law applied in *Leclercq v. Heimerman,* 169 Kan. 149, 150, 218 P. 2d 243; *Darst v. Swazee,* 135 Kan. 458, 11 P. 2d 977; and *Balmer v. Long,* 109 Kan. 42, 197 Pac. 1089.

From the record before us we cannot say the court erred in refusing the plaintiff's requested instruction or that the instruction given was erroneous as a matter of law in the instant case. In view of what has been said, the judgment of the trial court is affirmed.