Nichols v. Weaver.

ANN E. NICHOLS v. MICHAEL M. WEAVER.

1. SPECIAL FINDINGS, *when inconsistent with verdict.* When the special findings of fact are inconsistent with the general verdict of a jury, the former control the latter, and judgment may be rendered accordingly.

2. MARRIAGE CONTRACT—*Statute of Frauds.* A contract to marry, not in writing, and not to be performed until after more than a year has .elapsed, is void under the statute of frauds.

3. CONSTRUCTION OF FINDINGS—*What to control.* The supreme court will give the same construction to the findings and verdict of a jury that the court below has done, unless such construction clearly appears to be erroneous.

## *Error from Lyon District ·Court.*

ACTION to recover damages for the breach of a contract of marriage. The plaintiff, *Ann E. Nichols,* in her petition alleged that on or about the 20th of December, 1860, there was a contract made by and between herself and *Michael M. Weaver* in and by the terms of which the parties had agreed to intermarry as soon thereafter " as the said defendant could make such arrangements as would place him in a proper condition to get married; " " that said contract of marriage remained in full force, and was mutually acquiesced in by said parties, * * * the said plaintiff continuing to wait patiently and hold herself in readiness to marry said defendant when he should get ready, until the 7th of February, 1869, at which time said defendant, wholly disregarding his promise to marry the plaintiff, and refusing so to do, did marry one L. H., to plaintiff's damage $10,000." The defendant answered denying " each and every allegation in said petition contained." The case was tried before a jury at the September Term, 1869. The jury rendered a general verdict in favor of the plaintiff, and made certain special

findings upon particular facts. The first six of these findings are in harmony with the verdict. The defendant claimed that the remaining special findings were inconsistent with the general verdict, and that he was entitled to judgment thereon, *non obstante*. He filed a motion to that effect, which was sustained by the court; and judgment being given for the defendant upon such special findings of fact, (which are set forth in full in the opinion of the court,) the plaintiff excepted, and now brings the case here on error.

*E. V. Payton*, and *John V. Sanders*, for plaintiff in error:

1. The special findings are not inconsistent with the general verdict. They do not find that by the terms of the contract a year must necessarily elapse from the time it was made till it could be performed. Nor do they find that no note or memorandum of the contract was reduced to writing and signed by the defendant or his duly authorized agent.

2. The petition certainly shows by reasonable intendment that the contract was kept alive and mutually acquiesced in by both parties until it was broken off by the defendant's marriage; and even if it does not, the petition was cured by the verdict and the court should have amended the petition to suit the facts proven, and this court will consider it as done.

*Ruggles & Plumb*, for defendant in error:

1. The petition does not state a cause of action; and where such is the case, and a verdict has been rendered in favor of the plaintiff, a motion for judgment for the defendant on the pleadings is proper and will be sustained. Gen. Stat., p. 707, § 411; *Trimble v. Doty*, 16

Ohio St., 132, 133. The action is barred by the statute of limitations. Facts must be plainly and concisely stated, not inferentially stated. *Jones v. Eisler*, 3 Kas., 139. The petition must have been drawn with the *express purpose* of avoiding committal upon the question of limitations. It will be construed most strictly against the pleader. The promise as stated was a promise in restraint of marriage, and therefore void. 2 Pars. Cont., 64. " The promise as stated in the petition was on a condition entirely uncertain, and very remote." Nothing could be more so than a promise to marry when the promising party could " arrange his affairs properly." It was in fact a promise to marry when he was so minded, which was no promise at all, and not capable of enforcement.

2. The special finding of facts was inconsistent with the general verdict. The jury found specially, that the contract of marriage was to be performed at a remote, indefinite and uncertain time. Such a contract is in restraint of marriage, and therefore void : 2 Pars. on Cont., 67; 1 id., 548.

The contract was within the statute of frauds, that is, was not to be performed within one year, and not in writing; and no action could be maintained therein : Ch. 43, § 6, Gen. Stat., p. 505. A contract to marry not to be performed within one year is within the statute. 2 N. H., 515.

The jury found specially that the contract was not in writing and was not to be performed within one year. These findings brought the case within the statute, and entitled the defendant to judgment.

The opinion of the court was delivered by

VALENTINE, J.: This was an action for the breach of a contract to marry. The judgment of the court below

was for the defendant, and the plaintiff brings the case to court. There were only two exceptions taken by the plaintiff to the rulings of the court below. The first was to the sustaining of a motion of the defendant for judgment on the special findings of the jury; the second was to the overruling of a motion of the plaintiff for a new trial. The jury found a general verdict, and also special findings of facts. The general verdict was for the plaintiff, but the court construed the special findings of fact to be inconsistent therewith—to be for the defendant—and therefor rendered judgment for the defendant. Of this, and this only, the plaintiff complains.

If the special findings and the verdict were inconsistent with each other, then the action of the court was unquestionably correct; (Gen. Stat., 684, § 287;) and this is the only question for us to consider. The special findings, supposed to be inconsistent with the general verdict read as follows:

1. VERDICT; special findings; when inconsistent.

" 7. Was the contract between plaintiff and defendant (if any was made,) to be performed within one year from the date of the making of the same? *No.*

" 8. Was the contract between the plaintiff and defendant, (if any was made,) to be performed at some remote and uncertain time? *Yes.*

" 9. Was the contract, (if any,) between the parties in writing? *No.*"

From these special findings, the court below construed that this contract was not to be performed until after more than one year had elapsed, and therefore, as it was not in writing, that it was not binding upon the parties; that it came within the fifth section, (now sixth section,) of the statute of frauds, which provides that " No action shall be brought whereby to charge the defendant, upon any agreement that is not to be performed within the

2. MARRIAGE
CONTRACT;
statute of
frauds.

space of one year from the making thereof, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing." (Comp. Laws, 569; Gen. Stat., 505.)   The counsel for plaintiff claims that from these findings the contract ought to be construed as simply a contract to marry, without fixing any definite or precise time for the marriage to take place; that while the contract did not require that the marriage should take place *within* one year, yet, that it did not require that it should be *postponed* beyond a year.   It must be conceded that the construction put upon these findings, and upon the contract, by the court below, is the most natural construction from the language used.   Besides, nearly all the circumstances of the case tend to corroborate and strengthen the construction given to said contract and findings by the court.   Why were the jury required to make these findings if it was not to raise the question of the validity of this contract under the statute of frauds?   Could it be from idle curiosity alone?   Did not the jury know why they were required to make such findings?   If the construction claimed by counsel for plaintiff is correct, then it was folly to require the jury to make these findings, for in that case they could answer no purpose whatever.   The question of whether this contract came within the statute of frauds, seems to have been one of the principal questions litigated in the case. Probably a great portion of the evidence was introduced and arguments of counsel below was made with reference to this question.   But as neither the evidence nor arguments of counsel have been brought to this court, we cannot determine what light they threw upon this question.   The court below therefore had a much better opportunity of knowing in what light these findings were

viewed by the jury than we have. And if the jury viewed them in the same light that the court did, it would be proper for us to give them the same construction, even if literally construed they should bear another and different construction.

But suppose the construction of plaintiff's counsel to be correct, then is the plaintiff in any better condition? This contract was made in the year 1860; this action was brought in the year 1869. Now, nine years thereafter, if the contract was to be performed within one year, then the action was barred by the statute of limitations long before this action was brought. If the contract was not to be performed within one year and not in writing, then it was void under the statute of frauds. (*Derby v. Phelps*, 2 N. H., 515.) And if the contract was made without fixing any definite time for its performance, leaving it to be performed within a year, or beyond a year, as the parties should afterwards agree, then it was a contract to marry within a reasonable time. (*Pattee v. Deboss*, 1 Starkie, 82; 1 Pars. Cont., 4th ed., 547, 548.) A reasonable time would probably not, under any circumstances, exceed one year; for it would seem to be very unreasonable that any one should be tied up by a contract to marry more than one year, unless both parties should expressly consent thereto. After a reasonable time should elapse, the statute of limitations would commence to run; and in this case the action of the plaintiff would have been barred long before she commenced the suit.

The counsel for plaintiff seems to have labored under great difficulty in drawing the petition in the court below to steer clear of both the statute of limitations, and the statute of frauds. Whether they did steer clear of them or not, may be questionable; but we do not desire to

examine that subject, and therefore shall express no opinion thereon. The counsel probably found greater difficulties when they came to the evidence in steering clear of both these statutes than they did in framing the petition. When they reached the evidence, they probably steered clear of the statute of limitations, but foundered on the statute of frauds. The evidence probably showed that the contract was to be performed at some remote and uncertain period of time greater than, and not within a year.

If the evidence had shown that the plaintiff had a cause of action at all, the court below would undoubtedly 3. Construction to be given to findings. under the circumstances have granted her a new trial. Or if the court had refused to do so, under such circumstances, and in such a case, the plaintiff would undoubtedly have brought all the evidence to this court, and thereby have shown that the court below had abused its discretion by not granting a new trial under such circumstances. With all the evidence this court could act more intelligently than it can without the evidence. But even then our means of interpreting the language of the jury would not be as good as the means possessed by the court below. The supreme court will always give the same construction to the findings and verdict of a jury that the court below has done, unless such construction clearly appears to be erroneous. The judgment of the court below is affirmed.

All the Justices concurring.