## THE STATE OF KANSAS v. M. E. WOOD.

1. **CRIMINAL COMPLAINT** — *Several Counts — Verdict.* In a criminal prosecution before a justice of the peace, a verdict of guilty on one count of the complaint, saying nothing as to the other counts, is equivalent to a verdict of not guilty as to such other counts.

2. **APPEAL** —*Trial in District Court.* And in such a case, where the defendant after verdict and sentence appeals to the district court, he can be tried in the district court only for the offense charged in the count on which he was found guilty in the justice's court.

3. —————— *Construction of Proceedings.* And in such a case, where a construction has been given by the justice of the peace to his own proceedings, the same construction, if reasonably possible, should be given to such proceedings by the appellate court; and generally an appellate court should give to the proceedings of the lower court such a construction, if reasonably possible, as will harmonize and uphold them.

4. INTOXICANTS — *Illegal Sale — Evidence.* In a criminal prosecution before a justice of the peace, where the defendant is charged with selling intoxicating liquor in violation of law, and the complaint is verified by both the county attorney and a private person, it is not error to permit evidence to be introduced on the trial showing sales of intoxicating liquors other than those of which the private person had knowledge.

5. WITNESSES — *Indorsement of Names on Complaint.* In a criminal prosecution commenced before a justice of the peace, it is not necessary that the names of the witnesses should be indorsed upon the complaint when filed, nor even in the district court on appeal, unless the district court should so order.

*Appeal from Kingman District Court.*

PROSECUTION for illegally selling intoxicating liquor. From a judgment of conviction, at the April term, 1892, the defendant, *Wood,* appeals. The opinion states the facts.

*John E. Lydecker,* for appellant:

"Where the information is verified by the oath of a private person, and not by the county attorney, the defendant should not be found guilty of any offense, except some offense of which the complaining witness had notice or knowledge at the time of verifying the information." *The State v. Brooks,* 33 Kas. 708; *The State v. Skinner,* 34 id. 265; *The State v. Hescher,* 46 id. 534; *The State v. Nulty,* 47 id. 259.

The court below erred in not allowing the defendant to prove that, of the three counts in the information (or complaint), he had been acquitted on one of such counts before a jury in the justice court by the justice, C. R. Cook, then a witness on the stand. If he could show that he had been so acquitted, it was a bar to that count. *The State v. McNaught,* 36 Kas. 624; Gen. Stat. of 1889, ¶ 5301.

This case was brought and prosecuted under an information, with the complaining witness's affidavit attached. And the court allowed certain witnesses to give evidence without requiring their names to be indorsed on such information, to which the defendant objected.

The court erred in its third instruction, in saying to the

jury that, "in determining the innocence or the guilt of the defendant with reference to the particular sales charged in the information, you may take into consideration any evidence appearing in this case tending to show other sales made by the defendant and at the same place." In this instruction, the court charges that collateral or other independent crimes can be taken into consideration by the jury to find the defendant guilty. "We must refuse to admit secondary evidence, or evidence of independent crimes." Whar. Crim. Ev. (8th ed.), §§ 25, 30. See, also, *Barton v. The State*, 18 Ohio, 223; *Coble v. The State*, 31 Ohio St. 102; *Sutton v. Johnson*, 62 Ill. 209; *People v. Brown*, 49 Cal. 654.

*John N. Ives*, attorney general, and *Emmett Tiffany*, for The State:

By the appeal to the district court, defendant vacated the judgment of the justice's court, including the verdict of the jury therein, and had a trial in the district court *de novo*, with the risk and possible consequences thereof. Hence these errors of the justice's court, if they existed as alleged, are not subject to review in the supreme court. *The State v. Craddock*, 44 Kas. 490; *The State v. Coulter*, 40 id. 87; *The State v. Forner*, 32 id. 283.

There is no law requiring the indorsement of the names of witnesses on a complaint charging a misdemeanor before a justice of the peace; and when the defendant appeals to the district court the paper containing the description of the offense is a complaint still, and the names of the witnesses need not be indorsed thereon.

We submit that the third instruction of the court, complained of by counsel for defendant, is not contrary to the rule in such cases, but is supported by the most ample authority. Whar. Crim. Ev. (9th ed.), §§ 31, 32.

The defendant was not convicted of any other offense than the precise ones charged and sworn to by the affiant, Barr. These being the precise crimes proved by the evidence, and

relied on by the state for conviction, no error was committed in this respect.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution commenced on December 19, 1891, by the county attorney of Kingman county, before a justice of the peace of that county, upon a complaint filed by the county attorney, entitled "information," containing three counts, two charging the defendant, M. E. Wood, with the offenses of illegally selling intoxicating liquors, and the other charging him with the offense of keeping and maintaining a nuisance, where intoxicating liquors were kept for sale and sold; which information was sworn to by the county attorney, and the affidavit of Fred. Barr was also filed with it. The case was tried before the justice of the peace and a jury, and the jury rendered the following verdict, to wit: "We, the jury impaneled and sworn in the above-entitled case, do, upon our oaths, find the defendant guilty of selling intoxicating liquors." Upon this verdict, the justice of the peace sentenced the defendant to pay a fine of $100, and to be imprisoned in the county jail for the period of 30 days, and to pay the costs of suit; and the defendant appealed to the district court. In the district court the defendant was again tried before the court and a jury, and in that court the jury rendered the following verdict, to wit: "We, the jury impaneled and sworn in the above-entitled case, do, upon our oaths, find the defendant guilty of selling intoxicating liquors." Upon this verdict, the district court sentenced the defendant to pay a fine of $100 upon each count of the complaint—total, $300, and to be imprisoned in the county jail for the period of 90 days upon each count—total, 270 days, and to pay the costs of suit; and from this sentence the defendant now appeals to this court.

Many questions are presented to this court by the defendant's counsel, the most important of which is the following: It is claimed that the defendant was in effect acquitted before

the justice of the peace of all the offenses charged against him except one for "selling intoxicating liquors;" and therefore that he could not be again tried in any court except for that one. Now, it is clear beyond all question that he was in effect acquitted upon the charge of keeping and maintaining a nuisance; and, therefore, he should not be again tried for that offense. It has already been decided by this court as follows:

"1. A verdict of guilty on one count in a criminal complaint, saying nothing as to other counts, is equivalent to a verdict of not guilty as to such other counts.

"2. And where such a verdict has been rendered, and the defendant procures a new trial, he can be tried at the new trial only for the offense charged in the count upon which he was found guilty at the former trial." (*The State v. Mc-Naught*, 36 Kas. 624.

The case just cited is precisely in point. It was a criminal prosecution commenced before a justice of the peace upon a complaint containing four counts, in each of which the defendant was charged with a violation of the prohibitory liquor law, and he was found guilty by the jury in the justice's court upon only the second count, and nothing was said as to the other counts; and for that one offense he was sentenced. He then appealed to the district court. In that court he was again tried upon all the counts, and found guilty only upon the fourth count, and a new trial was granted. He was again tried upon all the counts, found guilty upon all, and sentenced upon two of them, and he then appealed to this court; and this court held that the third trial was erroneous; that the defendant had been in effect acquitted upon the first trial in the justice's court of all the offenses charged against him except the one charged in the second count, and that he was in effect acquitted of that one on the first trial in the district court. An appeal by the defendant in a criminal prosecution is an appeal only from the verdict and sentence rendered against him, and not an appeal from anything decided in his favor; and the appeal does not open up any mat-

ters to be tried again except *those contained in the charge or count upon which he was found guilty* and sentenced.

It is not so clear in this case whether the defendant was found guilty in the justice's court of the commission of only one offense in "selling intoxicating liquors," or whether he was found guilty of more than one. Probably the natural construction of the verdict of the jury in that court is that he was found guilty of the commission of only one offense. The justice of the peace so construed the verdict of the jury, and sentenced the defendant to the least punishment prescribed by law for the commission of one single offense; and it was the duty of the district court, and is the duty of this court, to give to the proceedings had before the justice the same construction as was given to them by him, if such a construction is reasonably possible. (*Nichols v. Weaver*, 7 Kas. 373, 379.) And it was also the duty of the district court, and is the duty of this court, to harmonize such proceedings, if such a thing is reasonably possible. It has been the rule of this court from the beginning, and it is probably a rule of all appellate courts, to give to the proceedings of the lower court such a construction, if reasonably possible, as will harmonize them and uphold them. Among the decisions rendered by this court, see the following: *Nichols v. Weaver*, 7 Kas. 373, 379; *Simpson v. Greeley*, 8 id. 586; *K. C. L. & S. Rld. Co. v. Phillibert*, 25 id. 583, 585, 586; *Mo. Pac. Rly. Co. v. Holley*, 30 id. 465; *St. L. & S. F. Rly. Co. v. Ritz*, 33 id. 404; *Insurance Co. v. Smelker*, 38 id. 285; *Bevens v. Smith*, 42 id. 250; *U. P. Rly. Co. v. Fray*, 43 id. 750, 759; *Drinkwater v. Sauble*, 46 id. 170, 174; *Jackson v. Linnington*, 47 id. 397.

Now, giving to the proceedings of the justice of the peace such a construction as the justice of the peace himself gave to them, and making them harmonize, it is clear that the jury in that court intended to find the defendant guilty of the commission of only one offense. The defendant, on the trial in the district court, also offered to prove by the introduction of certain blank verdicts submitted by the justice of the peace to

the jury for them to select from in rendering their verdict, for the purpose of showing precisely what was the intention of the jury; but the district court refused to permit such evidence to be introduced. Now, as the defendant was found guilty of only one offense before the justice of the peace, and in effect acquitted of the other two, it was error for the district court to place him upon trial and permit him to be found guilty and sentenced for the commission of all the offenses charged in the original complaint. For this error the judgment of the court below must be reversed, and the cause remanded for a new trial.

With this view of the case, it is unnecessary that we should discuss any of the other questions presented by counsel; yet we might say that, in the case of *The State v. Reno*, 41 Kas. 675, which was an intoxicating-liquor case, this court decided, among other things, as follows:

"And in such a case, where the information is verified by both the county attorney and the prosecuting witness, it is not error to permit evidence to be introduced on the trial showing sales of intoxicating liquors other than those of which the prosecuting witness had knowledge."

We might also say that the prosecution in this case was upon a complaint filed before a justice of the peace, and it was not necessary, when the complaint was filed, nor even in the district court on appeal, unless the district court so ordered it, that the names of the witnesses for the state should be indorsed on the complaint.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.