No. 26,088.

THE STATE OF KANSAS, *Appellee*, v. LINCOLN ROBINSON, *Appellant*.

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Automobile as Liquor Nuisance—Evidence.* While defendant was driving his automobile in the nighttime to a dance at Humboldt, he was halted by the city marshal of Bassett for driving with but one headlight showing. The car contained, besides defendant, two women, four men, fourteen bottles of corn liquor, and a loaded .38-caliber Colt Special revolver. Circumstances aroused the marshal's suspicion; the car and party were searched, defendant was arrested, and the car was seized. Defendant was tried on an information charging, in two counts, unlawful possession of intoxicating liquor and unlawful transportation of intoxicating liquor for the purpose of delivery, and was acquitted. At the hearing on the nuisance charge against the car, the articles acquired by search and seizure were offered in evidence by the state and were admitted. The proceedings resulting in and including the verdict of acquittal were offered in evidence by defendant and were rejected. *Held*, both rulings were correct.

2. SAME—*Notice—Trial—Evidence.* Assignments of error relating to defective notice of seizure of the car, denial of jury trial, and sufficiency of evidence to support the judgment, considered, and held to be without merit.

Appeal from Allen district court; ROBERT E. CULLISON, judge. Opinion filed June 6, 1925. Affirmed.

*Oscar Foust, John W. Brown,* and *Kenneth H. Foust,* all of Iola, for the appellant.

*C. B. Griffith,* attorney-general, *C. A. Burnett,* assistant attorney-general, and *Burney Miller,* county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The proceeding was one to abate an automobile liquor nuisance. The court found the vehicle was used in unlawful transportation of intoxicating liquor, and the judgment was that it be sold and that the proceeds be forfeited to the school fund. The owner of the automobile appeals.

An information was filed containing three counts. The first and second counts charged Robinson, as defendant, with unlawful possession and unlawful transportation of liquor. The third count was directed against the vehicle. Defendant was tried on the first and second counts and acquitted. Thereafter he moved for release of the vehicle on the ground of his acquittal. The motion was denied;

as owner of the vehicle he answered to the merits of the third count, and the cause was heard by the court, with the result stated.

Defendant drove the automobile into the city of Bassett at night. But one headlight was showing, and the statute required two. He said he had a loose connection and the light went off and came on. It was off when he drove in front of the Bassett grocery store. The city marshal stopped the car, stepped on the running board, and called attention to the fact that defendant was driving with one headlight. When the marshal stepped on the running board he heard the sound of something dropped from the car, which caused him to direct defendant to drive to the city jail. On the way he heard more things fall, and on both sides of the car. Investigation, made as soon as opportunity occurred, disclosed that five half-pint bottles of corn liquor had been dropped from the car and had been broken by the fall.

The arrest occurred while defendant was on his way from Mildred, where he resided, to a dance at Humboldt. In the car with him were two women and four men. One of the women was defendant's wife. She rode in the front seat with her husband and one of the men, Campbell by name. The other woman, Miss McCullough, had once been escorted by an officer from within to without the village limits of Mildred. She rode in the back seat with three of the men. The name of one was Mills. Another had become drunk before he got to the party, and was lying down in the back seat of the car. At the trial defendant testified he was not going to the dance. He said he was going to Chanute on business; his wife had asked to go with him as far as Humboldt, to attend the dance; Campbell, Mills and Miss McCullough wanted to go to the dance and were allowed to ride with defendant and his wife; the other two men, who were strangers, were overtaken as they were just walking along the road, going west, and notwithstanding the fact the car was already sufficiently loaded, defendant generously took them in. This explanation of the purpose of defendant's night driving was not made to the marshal of Bassett. The marshal was told by the members of the party, including defendant, that they were on their way to the dance at Humboldt.

Arriving at the city jail, the marshal directed the occupants of the car to get out. As two of them were doing so, the marshal saw defendant make a movement which, because of the darkness, the marshal could not clearly comprehend. Therefore he commanded

defendant to "drop it," ordered the two who had alighted to get back into the car, sent for the night watchman, and expressed to the occupants of the car the hope that it would not be necessary to hurt any of them. When.the watchman arrived the car and party were searched. Miss McCullough had taken a "grip" with her. She confidently invited search of it, and no liquor was found in it. It will be recalled that on the way to the jail five libations of corn liquor had been poured to the bootleggers' deity. Each man had liquor in his possession except the defendant. A bottle of liquor was found just behind his seat, and his .38-caliber Colt Special revolver, fully loaded, was found under the wheel in front of his seat. Altogether, nine unbroken bottles of liquor were taken from the men and the car.

At the trial defendant explained the presence of the "gun" in the car by telling a fish story. He said that a few days before the Bassett incident he had gone fishing. He took the revolver along so that if he saw any frogs or snakes he could shoot them. After he quit fishing he put the revolver under the seat of the car and just forgot all about it until the marshal of Bassett brought it into the city jail. Even although the defendant omitted to mention fish, the story seems sufficiently fishy.

Defendant complains because notice of seizure of the car was not served on him within forty-eight hours, as the statute requires. Service of notice is merely a step in affording reasonable time and opportunity for any person interested to appear and defend the car (R. S. 21-2164) ; and since defendant had such time and opportunity, and did defend on the merits, he suffered no prejudice.

Defendant complains because his demand for trial by jury was denied. He was not entitled to a jury trial. (*The State v. Lee*, 113 Kan. 462, 215 Pac. 299.)

At the trial the articles taken from the car and its occupants were introduced in evidence. Defendant complains that evidence obtained by unlawful search and seizure was used against him, contrary to the constitution of the United States and the constitution of the state of Kansas. The constitution of the United States is not invocable. Its inhibitions are upon action by federal authority. If the constitution of the United States were involved, there would be good ground for a finding that in this instance the search and seizure were not unreasonable. Conceding the search and seizure to have

been unlawful, within the purview of the state constitution, the evidence was not for that reason inadmissible. (*The State v. Johnson,* 116 Kan. 58, 226 Pac. 245.) Besides all that has been said, the proceeding against the car was a civil and not a criminal proceeding, and the evidence was not used against the defendant, but against the car.

Defendant complains because the court refused to admit in evidence the proceedings resulting in and including the verdict of acquittal. The proceeding against the car was based on R. S. 21-2162, which reads as follows:

"All automobiles, vehicles and other property used in the transportation or carrying of intoxicating liquors into this state, or in carrying and transporting intoxicating liquors from one place to another within this state, are hereby declared to be common nuisances."

The first count of the information charged the defendant with unlawful possession of intoxicating liquor. Manifestly the car could be a liquor nuisance under the statute quoted, even although the liquor transported was not in possession of the driver. The second count of the information charged defendant with transportation of liquor for purpose of delivery, under R. S. 21-2149, which reads as follows:

"It shall be unlawful for any railroad company, express company, or other common carrier, or for any person, company or corporation to carry any intoxicating liquor into this state or from one point to another within the state for the purpose of delivery, or to deliver the same to any person, company or corporation within the state except for lawful purposes."

Purpose of delivery is not an essential element of the nuisance denounced by R. S. 21-2162. Since, therefore, the issues in the case against the car were not involved or determined in the case against defendant, his acquittal did not discharge the car, and the offered evidence was immaterial.

Finally, defendant contends the judgment was not sustained by the evidence. The contention is not worth discussion.

The judgment of the district court is affirmed.