No. 26,663.

THE STATE OF KANSAS, *Appellee,* v. C. L. POWELL, *Appellant;* THE GENERAL MOTORS ACCEPTANCE CORPORATION and THE PAYNE MOTOR COMPANY, *Interpleaders.*

SYLLABUS BY THE COURT.

INTOXICATING LIQUORS — *Forfeiture of Transporting Automobile — Evidence.* The state's evidence adduced in a special proceeding to condemn and confiscate an automobile because of its use in the transportation of intoxicating liquors considered and held sufficient to support the judgment.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed April 10, 1926. Affirmed.

*F. J. Oyler,* of Iola, and *Joe W. Moss,* of Independence, for the appellants.

*Charles B. Griffith,* attorney-general, *Roland Boynton,* assistant attorney-general, *B. W. Berg,* county attorney, and *W. B. Grant,* deputy county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.:    This is an appeal from a judgment which condemned as a nuisance an automobile owned by Charles Powell and covered by a recorded chattel mortgage held by the General Motors Company and the Payne Motor Company as mortgagees.

Defendant Powell was arrested and his car seized. He was tried but acquitted of charges of having intoxicating liquor in his possession and of illegally transporting it in his automobile.

On the proceeding to confiscate the car, the mortgagees were permitted to interplead, and they set up their recorded chattel mortgage and denied that about the time the car was seized by the sheriff it had been used to transport intoxicating liquors. The interveners also set up the fact of Powell's acquittal of the criminal charge involved in the illegal use of the car.

The issue was tried by the court on the evidence adduced by the parties. The court found:

"That the said automobile was on the 10th day of January, A. D. 1925, being used by the said defendant, Charles Powell, for the transportation of intoxicating liquor from one place to another within the county of Montgomery and the state of Kansas, and that the same was therefore a common nuisance and should be ordered forfeited in the manner and form prescribed by law."

Judgment was accordingly entered for the state, and the court directed—

Intoxicating Liquors, 33 C. J. pp. 684 n. 32, 687 n. 77, 692 n. 77, 78.

"That the sheriff . . . advertise the [automobile] for public sale by publication as by law required, and publicly sell the same at the time and place designated in said publication notice, and pay the proceeds derived from the sale of the said automobile into the court to await its further order."

The interveners appeal, contending that the evidence was insufficient to establish the state's case, and that their demurrer to the evidence should have been sustained.

Preliminary to an examination of the record to determine this contention, it is proper to remark that the fact that the jury returned a verdict of not guilty on the criminal charge is of no controlling significance. (*State v. Roach*, 83 Kan. 606, 112 Pac. 150; *State v. Robinson*, 118 Kan. 775, 236 Pac. 547.) Furthermore, a proceeding to abate or enjoin a liquor nuisance is a civil action and summary in character (*Cowdery v. The State*, 71 Kan. 450, 80 Pac. 953; *Mugler v. Kansas*, 123 U. S. 623, 31 L. Ed. 205); and so, too, is a proceeding under the prohibitory law to confiscate an automobile (R. S. 21-2162 *et seq.; State v. Lee*, 113 Kan. 462, 215 Pac. 299; *State v. Robinson*, supra), in which cases the requisite quantum of proof is not so great as it is in criminal proceedings (*Cowdery v. The State*, supra).

The state's evidence tending to show that the automobile had been used in the carriage of liquors about the time it was subjected to process and seizure was to this effect:

On January 10, 1925, Powell, owner and mortgagor of the automobile, and one Hodson, drove it from the city of Independence about two miles into the country. Powell got out of the car and picked up some object hidden in the weeds by the roadside. The men then returned to Independence, and halted in a residential part of the city. Two police officers who had been observing the movements of Powell and Hodson and who had followed them into the country in another car approached to examine Powell's car. About that time a door of Powell's car opened, and a gunny sack was thrown out. Powell started his car and again sped into the country with the officers in chase. At some distance from town Powell's car ran out of gasoline; Powell and Hodson abandoned it and ran into a cornfield, where they sought to hide from the officers. The gunny sack was picked up and found to be saturated with corn whisky; bits of glass were found which tended to show that a bottle or other container of whisky had been broken by Powell or Hodson or both; Powell's automobile was splashed with whisky; it

State, *ex rel.,* v. Carl.

smelled of whisky, and whisky was seen dripping off the running board.

Defendants' evidence tended to show that Powell and Hodson mistook the police officers for highwaymen; that this accounted for their flight into the country; and that the smell and other indicia of intoxicants about the automobile came from a bottle of denatured alcohol which Powell had been carrying and which had been spilled in the car.

It hardly needs to be said that the trial court was not bound to believe defendants' evidence, although the jury in the criminal case apparently had been so credulous. And it would never do for this court to say that the state's evidence, summarized above, which the trial court did believe, was insufficient to support the judgment.

There is nothing else in this case which would justify discussion, and the judgment is affirmed.