No. 30,990.

The State of Kansas, *Appellee,* v. Bud Bennell, *Defendant;* The Atlas Acceptance Corporation, *Appellant.*

(19 P. 2d 443.)

Opinion filed March 11, 1933.

*E. M. Tracewell,* of Kansas City, Mo., for the appellant.

*Roland Boynton,* attorney-general, *E. E. Steerman,* assistant attorney-general, and *J. S. Parker,* county attorney, for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action brought in a justice of the peace court to confiscate as a common nuisance a certain automobile described in the complaint. The appellant Atlas Acceptance Corporation interpleaded and filed its answer alleging title and ownership of the automobile by reason of a chattel mortgage thereon. After trial and adverse judgment in the justice court, the cause was appealed to the district court. Trial in the district court was started on May 23, 1932, but owing to the failure of defendant Bud Bennell (shown by judgment of court to be known also as Benham and as Bennett) to appear, although duly subpœnaed as a witness, the hearing was continued to June 18, 1932. On the latter date Bennell appeared, and the state announced it was ready to proceed but that the court stenographer was absent. It was agreed in open court

between appellant and appellee that trial should proceed and that the court should consider the testimony to be taken the same as if reduced to writing by the stenographer. The trial proceeded to a conclusion, and thereafter the court rendered judgment finding the automobile was unlawfully used in transporting liquor from one place to another within Graham county, Kansas, and ordering that it be confiscated as a common nuisance and sold in the manner provided by law.

The appellant assigns as error (1) rendering of judgment in favor of the state and against the defendant; (2) allowing testimony of the state's witnesses to be introduced in evidence when none of their names appeared on the complaint filed; (3) overruling motion for new trial; and (4) fixing bond for repossession of the automobile in event of appeal.

Appellant's argument on its first assignment is predicated in large part on its own version of the testimony of the defendant Bennell, and particularly that part thereof where the appellant claims the witness Bennell stated he could not remember whether he had driven into Graham county with liquor in his possession or not, or what route he took from Wakeeney, where he first obtained the pint of whisky. After appellant had served his abstract and brief upon appellee, the appellee filed in the district court an application to amend the journal entry of judgment filed August 4, 1932, to show why certain of the evidence was not reduced to writing by the court stenographer, and served notice of the hearing thereof, and thereafter, on November 19, 1932, an amendment was made by journal entry duly signed by the district judge. Thereafter, and on the same day, the appellant's abstract was presented to the trial court and the court was requested to execute and file in the office of the clerk of the district court a statement setting forth the court's recollection of the substance of the testimony of the witness Benham (Bennell). This the trial judge did. The important part of the statement is as follows:

"That counsel then asked witness whether he had any of the liquors in his car after coming into Graham county, Kansas, and that the witness also answered this question in the affirmative."

Although not strictly in point, the following quotation from *Spencer v. McClenney,* 104 Kan. 107, 178 Pac. 253, is instructive:

"The statute provides that in case of the death or disability of the stenographer before transcribing his notes, the trial judge may approve and sign

a statement to take the place of a transcript (Gen. Stat. 1915, ¶ 7486). While the provision does not expressly cover the loss or destruction of the notes, the practice in such cases has been to make use of the best substitute that can be obtained, with the authentication of the trial judge. Inasmuch as a transcript made by the stenographer is subject to amendment and correction by the judge (Gen. Stat. 1915, ¶ 7478), it is the judicial approval that gives it its final authority, and in case of need a statement approved by the judge would serve as a sufficient substitute, in the absence of a specific statute covering the matter." (p. 108.)

If there was any informality connected with appellee's procuring the statement from the trial court, appellant cannot complain, for it devolved upon the appellant to procure an official transcript of all the evidence introduced, unless the necessity is avoided by agreement of counsel or is not necessary to a review. See *Everett v. Everett*, 110 Kan. 442, 204 Pac. 723, and cases cited therein.

It is further urged by appellant that the nuisance, if any, had been abated and had ceased to exist. There was testimony, however, that at the time the defendant Bennell was apprehended, there was a bottle and a separate cork in the automobile, and that there was a wet or damp spot on the floor covering which witnesses stated smelled like whisky. And another witness testified he saw the defendant Bennell in Hill City about an hour before he was apprehended and Bennell asked him if he knew where he could get something to cut some alcohol. The question of the testimony being disposed of, it appears that appellant's first assignment has no merit. The lower court's finding and decision is based on sufficient evidence.

The appellant's second assignment of error, that names of witnesses were not indorsed on the complaint, is not good. The proceeding is civil and not criminal. (*State v. Powell*, 120 Kan. 731, 732, 244 Pac. 1053.) And if it were a criminal action, it was instituted on complaint in the justice court where indorsement of the names of witnesses is not required. (*State v. Wood*, 49 Kan. 711, syl. ¶ 5, 31 Pac. 786.)

There was no error in overruling the motion for a new trial.

Appellant's fourth assignment of error is based upon requirements made by the lower court with reference to its taking possession of the automobile, if appeal should be otherwise perfected. In view of this court's holding that the automobile was properly confiscated, any error there may have been becomes immaterial.

The judgment of the lower court is affirmed.