No. 31,461

IDA ABRAMSON, *Appellee*, v. MORRIS WOLF, *Appellant*.

(28 P. 2d 975.)

Opinion filed January 27, 1934.

*J. H. Brady* and *N. E. Snyder,* both of Kansas City, for the appellant.
*Joseph Cohen* and *Norman B. Sortor,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover on a note.

The facts shown by the evidence are summarized as follows: In

March, 1927, plaintiff loaned Dora Wolf, wife of the defendant, the sum of $1,500, taking her note therefor. Later Mrs. Wolf desired to borrow for the use of her husband the further sum of $1,000. The plaintiff agreed to loan the defendant the $1,000 on condition a new note be made for $2,500, to be signed by Mrs. Wolf and her husband, defendant here, and this was done, the note being made about June 1, 1927. Payments were made on this note so that on January 31, 1929, there was due a balance of $1,600. Plaintiff lost her original note and, desiring evidence of the debt, set about to get another note. She met the defendant, and a new note was prepared by some third party and was executed by defendant and delivered to the plaintiff, who then returned it to the defendant, who was to have his wife sign it and return it to the plaintiff. About the time the $1,600 note was prepared, a memorandum was signed by Dora Wolf that she would pay the $1,600 note at the rate of $100 per month. On the bottom of this memorandum was a statement "Note for $1,500 and note for $1,000 paid in full. Ida Abramson." The defendant failed to return the $1,600 note to the plaintiff, although payments were made, either on it or the balance of the original note which it represented. Later Mrs. Wolf gave plaintiff another note dated May 11, 1931, for the sum of $1,548, the balance then due, the note containing an indorsement that it represented the only money owed by Dora Wolf as of its date, a note for $1,600 having been lost or destroyed. On this note a payment of $25 was made August 19, 1931. Default having been made, plaintiff brought suit, her petition alleging two causes of action, the first setting up the $1,600 note on which it was claimed there was due $1,500 and interest from January 31, 1929, and that the note had been taken by defendant and not returned. The second cause of action set up the $2,500 note and that there was due on it a balance of $1,548 as of May 11, 1931, that $25 had been paid on interest, and that the note had been destroyed, misplaced or stolen.

To this petition defendant answered admitting the execution of the $1,600 note and alleging that he signed the same as an accommodation maker, denying the execution of the $2,500 note and alleging the execution of the $1,548 note by Dora Wolf and that it was in payment of the $1,600 note.

The cause was tried to a jury. After the parties had made their opening statements, plaintiff moved for judgment, at which time the

court asked: "Do you claim you should recover on both causes of action?" and plaintiff's counsel answered "No; the first cause of action we want to recover on." The court then overruled the motion, and evidence as to the entire transaction was received. Apparently by that time the court understood the entire matter and, after consultation with counsel for both parties, instructed the jury as to the entire matter and not as to the first cause of action alone, and submitted a special question as to whether the defendant executed the $2,500 note. The jury returned a verdict for plaintiff for $1,703.90 and answered the special question in the affirmative. The defendant appeals, and argues two questions: (a) error in omitting to instruct on all defenses pleaded, and (b) where plaintiff elected to stand on one cause, it was error to instruct on the abandoned cause of action.

It is true that at the time of making opening statements plaintiff did say she stood on the first cause of action involving the $1,600 note, but when the evidence was offered the entire transaction between plaintiff and defendant was revealed, and it was then clear that although she had stated two causes of action, in fact but one was involved—that she had divided one cause of action into two component parts. Without using the expressions "first cause of action" or "second cause of action," the court, after consultation with counsel for both parties, gave instructions which fairly presented the matter in controversy, and it is significant that defendant neither objected to the instructions as given, nor did he ask any other or further instructions. He filed a motion for a new trial, setting up all statutory grounds. The court's ruling on that motion has been preserved, and it appears therefrom that the only question presented was whether there were two causes of action or only one. After reviewing the situation as it developed at the trial, the court said:

". . . But after the testimony had been introduced and the court retired to draw its instructions, it was of the opinion that even though the petition had been drawn in such a way as to indicate that the plaintiff was suing upon more than one cause of action, in truth and in fact there was but one transaction, and the business relations of these two parties were such that there were not several causes of action, as was claimed in the petition, but there was in fact but one cause of action, even though the petition indicated there were more than one. It was upon this theory that the court submitted to the jury the case under the instructions as they were given.

"The court is still of the opinion that, regardless of the pleadings, there was

but one cause of action involved in this controversy between these two parties, and it was upon that controversy the court submitted it to the jury.

"There were no other reasons urged in support of the sustaining of this motion, and the court is of the opinion that it had the authority to submit the case to the jury under the instructions as given, and that no material error was committed otherwise in the trial of the case."

The defendant, having stood by and, if he did not agree thereto, did permit the court to frame a theory of the case and submit it to the jury thereon, cannot now raise any question as to the correctness of such theory (*Nichols v. Weaver*, 7 Kan. 373, syl. ¶ 3; *Commission Co. v. Wolf*, 74 Kan. 330, 333, 86 Pac. 128; *Geppelt v. Stone Co.*, 90 Kan. 539, 542, 135 Pac. 573), nor can he raise any question as to instructions to which he did not object, did not ask to have amplified by further instructions, and did not complain of in presenting his motion for a new trial.

In *Lambert v. Rhea*, 134 Kan. 10, 4 P. 2d 419, it was said:

"Although plaintiffs complain that instructions were incomplete and should have included some additional matter, they did not request or suggest any additions or modifications of those given. Plaintiffs stood by without making objections, and not asking for modifications or additions they allowed the court and defendant to understand that they were satisfied with the charge. If a party thinks an instruction is not as full as it might be he should, in fairness to the court, point out the lack and request the additional matter, and if he fails to do this he has no right to complain." (p. 14.)

And see *Skaer v. American Nat'l Bank*, 126 Kan. 583, 540, 268 Pac. 801, and cases cited therein, and *Stewart v. Marland Pipe Line Co.*, 132 Kan. 725, syl. ¶ 4, 297 Pac. 708.

We have examined the pleadings, the evidence and the instructions, and hold that the court properly construed the petition as stating but one cause of action, and that the same was submitted to the jury under instructions which cannot now be questioned. Under such a condition the jury's finding is conclusive.

The judgment of the lower court is affirmed.

HUTCHISON, J., not sitting.