No. 32,864

The State of Kansas, *Appellee*, v. Fred Curtis and The Union Finance Company (Intervener), *Appellant*.

(57 P. 2d 22)

Opinion filed
May 9, 1936.

*Harry E. Snyder,* of Council Grove, *William H. Wilson* and *Seth S. Lacy,* both of Kansas City, Mo., for the appellant.

*Clarence V. Beck,* attorney general, and *W. E. Hembrow,* county attorney, for the appellee.

The opinion of the court was delivered by

THIELE, J.: The question presented here is whether an appeal from the judgment of a county court to the district court was properly perfected.

A complaint was filed in the county court of Morris county alleging a certain automobile was used by one Curtis for transportation of intoxicating liquors and was a common nuisance. A warrant was issued and the automobile was seized. In due time the notice required by R. S. 21-2164 was given and served on Lon's Car Exchange, which held a chattel montgage on the automobile. Service was also had on the Union Finance Company, which was the assignee of the chattel mortgage. Thereafter the sheriff made due return of the notice, which showed he was unable to find Curtis in his county. The company filed its intervening petition, in which, among other things, it alleged its ownership of the chattel mortgage on the car and the note secured thereby; that it purchased the note and chattel mortgage from Lon's Car Exchange in good faith, for full consideration and without knowledge the automobile described was to be used or was being used in violation of law, and that if the automobile was unlawfully used in transportation of intoxicating liquor it was without knowledge of the intervener, and it prayed for appropriate relief under Laws of 1935, chapter 158, being an amendment of R. S. 21-2165. The state answered the intervening petition, admitted ownership of the note and chattel mortgage, etc., and denied intervener was without notice as to the unlawful purpose for which the automobile was being used, etc. On trial the county court found Curtis was using the automobile to transport intoxicating liquor in violation of law and that it should be forfeited, and that its value was approximately $500; that the Union Finance Company was not an innocent holder and that its claim to the car or proceeds should be denied, and judgment was rendered accordingly. The trial was on October 8, 1935.

On October 17, 1935, the intervener gave written notice of appeal,

and at the same time filed its bond in the sum of $1,000, which bond was approved by the judge of the county court. No objection as to the form or sufficiency of the notice of appeal or of the bond seems to have been made, but on the same day the plaintiff filed its motion that the appeal be dismissed—

"For the reason that said appeal was not perfected in accordance with the laws of the state of Kansas in Revised Statutes 21-2166 and 63-401, the same being the laws of said state of Kansas governing appeals concerning the forfeiture of automobiles used in the transportation of intoxicating liquor."

On November 4, 1935, the motion to dismiss the appeal was heard and allowed, and the intervener appeals to this court.

Before entering upon a discussion of the statutes relied upon by the state as furnishing reason why the appeal should be dismissed, it should be noted that a proceeding to abate a liquor nuisance or to confiscate an automobile used to transport intoxicating liquor, is a civil and not a criminal action. (See *State v. Powell,* 120 Kan. 731, 732, 244 Pac. 1053, and cases cited, and *State v. Bennell,* 137 Kan. 183, 185, 19 P. 2d 443.) It is rather obvious that the proceedings to forfeit the automobile were had under Laws of 1919, chapter 217, appearing as R. S. 21-2162 to 21-2167, inclusive. The sixth section (R. S. 21-2167) provides the act shall not be construed to affect Laws of 1901, chapter 232, section 4 (hereafter referred to as R. S. 21-2135) and other designated statutes, but shall be construed as supplemental to the laws then in force relating to intoxicating liquors. Under the fifth section (R. S. 21-2166) the state, any defendant, or other person claiming the property seized or an interest therein may appeal from the judgment in the manner "provided for taking appeals in criminal cases," and provision is made for bond of not less than $100 nor less than double the value of the property as fixed by the court, etc.

R. S. 21-2135, above referred to, provides for judgments in nuisance cases, and, in part, recites:

"Either the state or any defendant or other person claiming the property seized may appeal from the judgment of the court in any such special proceeding against property seized, in the manner provided for taking appeals in criminal cases, except that the appeal must be taken within ten days, unless the time be by the court, for good cause shown, extended;"

and provides for bond of not less than $100 nor less than double the costs adjudged.

In both of the above statutes the conditions of the bond are the

same, *i. e.*, prosecution of appeal without delay, and if judgment be rendered against appellant on appeal he will satisfy the judgment and costs.

It would appear that the intervener, under the above statutes, could appeal within ten days from date of the judgment upon giving requisite notice and filing a sufficient bond. The state has not filed any brief and we therefore assume from its motion to dismiss the appeal that it sought and procured dismissal of the intervener's appeal on the theory that under R. S. 21-2166 the intervener could appeal "in the manner provided for taking appeals in criminal cases," and that such an appeal from a county court is governed by the code of criminal procedure before justices of the peace, in which it is provided:

"The defendant shall have the right of appeal from any judgment of a justice of the peace imposing fine or imprisonment or both, under this act, . . . No appeal shall be granted or proceedings stayed unless the appellant shall within twenty-four hours after the rendition of such judgment, enter into a recognizance," etc. (R. S. 63-401.)

and that the bond not having been given within the twenty-four-hour period, the attempted appeal was without effect.

Such a theory cannot be sustained. It will be noticed first that the provision as to appeal in the justice code refers only to defendants. When R. S. 21-2135 was enacted, the legislature gave claimants to property sought to be forfeited a right of appeal, fixed the time for taking the appeal, and provided for a bond that did more than require appearance at the next term of the district court. It requires no citation of authority to show that this act, dealing specifically with a definite situation, took precedence of the terms of the general appeals provision in the justice's code. It must be held that by reason of R. S. 21-2167 the time for taking appeal is fixed by R. S. 21-2135.

From the record it appears the appeal from the county court to the district court was dismissed because the intervener did not file its bond on appeal within twenty-four hours from the time the judgment was rendered. Such an order of dismissal was erroneous, and is reversed. The cause is remanded with instructions to set aside the order dismissing the appeal, to reinstate the action and to hear the same on the merits.