## No. 37,072

CLAUDIA MATTHEWS, *Appellant,* v. MONTGOMERY, WARD & COMPANY, INC., *Appellee.*

(190 P. 2d 406)

Opinion filed March 6, 1948.

*Dan Cowie,* of Topeka, argued the cause, and *F. J. Rost,* of Topeka, was with him on the briefs for the appellant.

*Ralph W. Oman,* of Topeka, argued the cause, and *James A. McClure* and *Robert L. Webb,* both of Topeka, were with him on the briefs for the appellee; *Robert Stone,* of Topeka, of counsel.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action for damages to personal property from an explosion and fire of a refrigerator alleged to have resulted from the general negligence of defendant. Defendant filed a motion for an order requiring plaintiff to elect as to whether plaintiff relied for recovery upon (a) the doctrine of *res ipsa loquitur,* or (b) upon the grounds of specific acts of negligence, or (c) upon a breach of warranty, and if the last to allege whether the warranty was oral or if in writing to set up the terms thereof. Upon the hearing of this motion plaintiff, in open court, announced that plaintiff

was relying for recovery solely upon the doctrine of *res ipsa loquitur*. Thereafter defendant filed a general demurrer to the petition upon the ground that it does not state facts sufficient to constitute a cause of action in favor of plaintiff and against defendant. This demurrer was heard by the court, which considered the argument of counsel and the authorities cited by them and sustained the demurrer, specifically holding that the doctrine of *res ipsa loquitur* does not apply under the facts alleged in the petition. Though we need not go into it fully, we think it proper to say that there is substantial authority to sustain this ruling. Thereafter defendant filed a motion for judgment, which recited the rulings of the court upon the motion to elect and upon the demurrer and moved the court to render judgment against the plaintiff in favor of defendant for costs. Upon this motion counsel for plaintiff signed the following statement: "The within motion is hereby confessed." This was heard by the court, which examined the motion, "and finding that the same has been confessed, hereby sustains the same," and rendered judgment accordingly. Thereafter and within the time fixed by statute, the plaintiff appealed from the order sustaining the demurrer to the petition and also from the order sustaining defendant's motion for judgment to dismiss.

In this court we are confronted with appellee's motion to dismiss the appeal upon the ground that the plaintiff could not confess a judgment for defendant and then appeal from it. The point is well taken. See 2 Am. Jur. 869, 969, 974; 4 C. J. S. 408; 49 C. J. S. 308, *et seq.*, where the general rule is discussed. Our cases are in harmony with the general rule. See *Parkhurst v. Investors Syndicate*, 138 Kan. 7, 23 P. 2d 589; *Abramson v. Wolf*, 138 Kan. 856, 28 P. 2d 975; *Perrine v. Perrine*, 144 Kan. 219, 58 P. 2d 1080; *Baldwin v. Baldwin*, 150 Kan. 807, 96 P. 2d 614; and *Anderson v. Carder*, 159 Kan. 1, 150 P. 2d 754.

The result is that the appeal must be dismissed. It is so ordered.

BURCH, J., dissenting.