No. 37,161

THE STATE OF KANSAS, *Appellant*, v. BURTON HERPEL (also known as Burton H. Kerpel) and ONE 1946 DODGE 4-DOOR SEDAN, *Appellees*.

(203 P. 2d 179)

Opinion filed March 5, 1949.

*Edward F. Arn*, attorney general, *H. R. Fatzer*, assistant attorney general, and *Harry B. Davis*, county attorney, were on the briefs for the appellant.

*Martin S. Hall*, of Harper, *Max D. Hall*, of Anthony, and *Walter F. McGinnis*, of El Dorado, were on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: The state appeals from a judgment refusing to forfeit and sell an automobile as a common nuisance.

Appellee first contends this court is without jurisdiction to entertain the appeal for the reason the appeal is too late and should be dismissed. Judgment was rendered November 5, 1947. A motion for new trial was filed November 8, 1947, in which it was sought to have the judgment vacated, judgment rendered in favor of the state or to grant a new trial. The motion was heard and overruled December 3, 1947, and on the latter date the state served its notice of appeal. It appealed solely from the judgment rendered November 5, 1947, and not from the order overruling its motion for a new trial. The appeal from the judgment was complete when the notice of appeal was served on the county attorney and filed with the clerk of the district court. (*Cochran v. Amrine*, 155 Kan. 777, 779, 130 P. 2d 605.) But was it in time?

This is a special proceeding. It is a proceeding *in rem* and constitutes a civil action. (*State v. Hannigan,* 161 Kan. 492, 170 P. 2d 138, and cases therein cited.) Being a special proceeding appeals arising therefrom are governed by express provisions of statutes dealing specially with a definite situation. (*State v. Curtis,* 143 Kan. 984, 987, 57 P. 2d 22.)

The specific statute here involved and, insofar as material, provides:

"Either the state or any defendant or other person claiming the property seized may appeal from the judgment of the court in any such special proceeding against property seized, in the manner provided for taking appeals in criminal cases, *except that the appeal must be taken within ten days, unless the time be by the court for good cause shown extended. . . .*" G. S. 1935, 21-2135.) (Emphasis supplied.)

The time for appeal was not extended. The appeal was not taken within ten days from the date of judgment and no appeal was taken at any time from the order overruling the motion for a new trial. It is therefore unnecessary to ascertain whether appellant also failed to comply with statutes pertaining to appeals in criminal cases.

The appeal must be dismissed. It is so ordered.

ARN, J., not participating.