No. 37,950

Henrietta W. Reinsch, Esther Allena Keltner, Hugh Keltner, Elta May Davis, Carl Davis, Fern Stultz and Lloyd Stultz, *Appellants*, v. Cities Service Gas Company, *Appellee*.

No. 37,951

Elta May Davis and Carl Davis, her husband, *Appellants*, v. Cities Service Gas Company, *Appellee*.

No. 37,952

Fern Stultz and Lloyd Stultz, her husband, *Appellants*, v. Cities Service Gas Company, *Appellee*.

(223 P. 2d 741)

Opinion filed November 10, 1950.

*Herbert L. Lodge,* of Olathe, argued the cause, and *Howard E. Payne,* of Olathe, was' with him on the briefs for the appellants.

*Raymond H. Carr,* of Mission, and *Joe Rolston, Jr.,* of Oklahoma City, Okla., argued the cause, and *Rolla W. Coleman,* of Mission, and *Glenn W. Clark,* of Oklahoma City, Okla., were with them on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: These are separate actions brought by the plaintiffs in the district court of Johnson county against the Cities Service Gas Company as separate appeals from awards of damages made and filed by appraisers appointed by such court, in a condemnation proceeding, conceded to have been authorized by the eminent domain statutes of the state, instituted by the company for the purpose of acquiring a limited gas pipe line right-of-way easement in, under, through, and across premises owned by the respective plaintiffs. The actions were consolidated for purposes of trial by consent of the parties in the court below, also in this court for purposes of appeal.

The first action involves an appeal by the parties named as appellants in case No. 37,950 in the district court of Johnson county from an award of $480 made by the appraisers for damages sustained to their real estate, hereinafter referred to as Tract 1, consisting of approximately 80 acres of which approximately 4.045 acres were actually taken for right-of-way purposes. The second

action involves an appeal by the parties named as appellants in case No. 37,951 in such district court from an award of $100 made by the appraisers for damages sustained by such persons to their land, hereinafter referred to as Tract 2, consisting of approximately 4.481 acres of which 0.488 of an acre was taken as right of way. The third action is an appeal by the parties named in case No. 37,952 in the same district court from an award of $320 made by the appraisers for damages sustained by such appellants to their real estate, hereinafter referred to as Tract 3, consisting of 6½ acres of which but 1.019 acres were actually taken for the right of way.

In district court the three cases were submitted to a jury which, after hearing the evidence and being instructed by the court as to the law, returned three separate general verdicts along with its answers to eighteen special questions. The verdict in case 37,950 was for the plaintiffs and assessed their damages to Tract 1 at the sum of $480. The verdict in case 37,951 was for the plaintiffs and assessed their damages to Tract 2 at $100. The verdict in case 37,952 was also for the plaintiffs and assessed their damages to Tract 3 at $320. .

Following the return of the general verdicts and the answers to the special questions the plaintiff in each of the three cases filed separate motions for judgment on the special questions notwithstanding the general verdict and motions for a new trial. The motions for new trial contained but two grounds, namely, that the verdicts were in whole or in part contrary to the evidence and instructions of the court and were contrary to and inconsistent with the answers to the special questions. In due time these motions were overruled by the trial court and judgment was rendered in each of the three cases in favor of the plaintiffs therein in accord with the amount assessed as damages by the jury in the general verdicts. Thereupon the plaintiffs perfected separate appeals from the orders made by the trial court overruling their respective motions for judgment on the special questions and for a new trial.

In their briefs and on oral argument in this court the appellants admit that the evidence introduced during the trial was sufficient to sustain all the answers to the special questions, that they made no objection to the instructions given by the trial court, either when they were submitted or by motion for a new trial, and frankly concede that inasmuch as the jury by its answers to questions 7 to 15, inclusive, found portions of their land not actually

taken for the involved right of way had not been damaged, the only question for decision on appellate review is the amount of damages they are entitled to recover for the land actually taken for right-of-way purposes. However, they strenuously insist the amount of damage in each case is conclusively determined by the jury's answers to special questions 1, 2 and 3.

By reason of what has just been stated the first six questions submitted by the trial court and the answers made thereto by the jury become highly important and should be quoted. Such questions and answers read:

"1. What was the fair and reasonable market value of the approximately 4.045 acres of Tract 1 in the strip taken for said limited gas pipe line right-of-way easement on May 11, 1948? A. $1,820.25.

"2. What was the fair and reasonable market value of the approximately 0.488 of an acre of Tract 2 in the strip taken for said limited gas pipe line right-of-way easement on May 11, 1948? A. $341.60.

"3. What was the fair and reasonable market value of the approximately 1.019 acres of Tract 3 in the strip taken for said limited gas pipe line right-of-way easement on May 11, 1948? A. $815.20.

"4. What amount of damages, if any, do you allow for the taking of the strip of Tract 1 for pipe line right of way purposes and the construction thereon of said pipe line? A. $480.00.

"5. What amount of damages, if any, do you allow for the taking of the strip of Tract 2 for pipe line right of way purposes and the construction thereon of said pipe line? A. $100.00.

"6. What amount of damages, if any, do you allow for the taking of the strip of Tract 3 for pipe line right of way purposes and the construction thereon of said pipe line? A. $320.00."

For informative purposes it should perhaps be stated at this point the answers to questions not heretofore specifically mentioned, namely 16 to 18 inclusive, are to the effect the most advantageous use for which Tracts 1, 2, and 3 were adaptable was suburban acreage and are not material to a decision of the decisive issue.

When stripped of excess verbiage the gist of all contentions argued by appellants in support of their position the answers to questions 1, 2 and 3 are so inconsistent with the answers to questions 4, 5 and 6 and the general verdicts as to require the sustaining of their motions for judgment *non obstante is* predicated upon the premise the answers last mentioned as well as the general verdicts were based on an erroneous conception of what constitutes the measure of damages in the instant case. Decision of

this issue, of course, can only be determined by a review of the instructions given by the trial court which, since they were neither objected to when given nor challenged by the motion for new trial, are not subject to appellate review and, under all our decisions, become the law of the case. For just a few of our cases so holding see *Fisher v. Central Surety & Ins. Corp.*, 149 Kan. 38, 86 P. 2d 583; *Montague v. Burgerhoff*, 152 Kan. 124, 102 P. 2d 1031; *Cruse v. Dole*, 155 Kan. 292, 124 P. 2d 470; *Sams v. Commercial Standard Ins. Co.*, 157 Kan. 278, 287, 139 P. 2d 859, and *Harvey v. Cole*, 159 Kan. 239, 153 P. 2d 916. Numerous other decisions to the same effect can be found by reference to Hatcher's Kansas Digest, Appeal & Error, §§ 344, 359, and West's Kansas Digest, Appeal & Error, § 853.

See, also, e. g., *Abramson v. Wolf*, 138 Kan. 856, 28 P. 2d 975, where it is said:

"The defendant, having stood by and, if he did not agree thereto, did permit the court to frame a theory of the case and submit it to the jury thereon, cannot now raise any question as to the correctness of such theory (*Nichols v. Weaver*, 7 Kan. 373, syl. ¶ 3; *Commission Co. v. Wolf*, 74 Kan. 330, 333, 86 Pac. 128; *Geppelt v. Stone Co.*, 90 Kan. 539, 542, 135 Pac. 573), nor can he raise any question as to the instructions to which he did not object, did not ask to have amplified by further instructions, and did not complain of in presenting his motion for a new trial." (p. 859.)

Before giving consideration to the instructions, even though we believe the decisions to which we have referred make that point clear, it should perhaps be again emphasized that where—as here—they have become the law of the case our only province is to determine whether a jury's verdict and its answers to special interrogations are in accord with the legal theory on which the trial court submitted the cause. Therefore it should be kept in mind that in all cases where that situation prevails, including the one here involved, we do not pass upon the question whether, if proper objections had been made to the instructions, the trial court has submitted the case on a wrong theory or has inaccurately or erroneously stated principles of law which, except for the want of such objections, would otherwise have been applicable and required.

Turning to the instructions it can be said we are convinced nothing of benefit to the bench and bar of this state would be served by spreading them at length upon the pages of this opinion. It

suffices to say they have been reviewed and that they fail to disclose, as the appellants contend, the court instructed the jury the measure of damages was the fair and reasonable market value of Tracts 1, 2 and 3 at the time it was taken for right of way purposes. On the contrary such instructions, when carefully examined, reveal the trial court instructed the jury the appellee company by its exercise of the right of eminent domain did not acquire title to but had acquired only a limited easement in such tracts of real estate, that the owners thereof, the appellants herein, retained the right, after construction of appellee's pipe line to use the surface of such real estate for pasture, agricultural and other purposes not inconsistent with the appellee's easement rights, and that they were only entitled to recover such damages as the jury should find had resulted to Tracts 1, 2 and 3 by the partial taking of those tracts for limited easement purposes.

Faced by instructions such as we have just described which, as we have seen are the law of this case, it cannot be said or held the answers to questions 4, 5 and 6 or the general verdicts were determined by the jury upon some unwarranted rule of law as to the measurement of damages. In fact it is apparent the jury measured the damages in exact accord with the instructions submitted by the trial court. Nor can it be successfully urged the answers to questions 1, 2 and 3 are inconsistent with the general verdicts and the answers to questions 4, 5 and 6. Indeed, in view of the theory on which the case was submitted, except as they might be used for yardstick purposes in determining the amount of damages sustained to the particular tracts directly involved by the taking of the limited easements, the answers to questions 1, 2 and 3 are not only consistent with the other answers to special questions but are almost immaterial to a decision of the question whether the answers to all special questions submitted support the general verdicts.

The judgment is affirmed.